# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE, proceeding under a pseudonym, <br>     Batavia Detention Center <br>     4250 Federal Drive <br>     Batavia, NY 14020 <br>                 *Plaintiff*, <br><br> v. <br><br> UNITED STATES IMMIGRATION AND <br> CUSTOMS ENFORCEMENT, <br>     500 12th Street, SW <br>     Washington, DC 20536 <br>                 *Defendant.* | Civ. No. 24-617 <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## PRELIMINARY STATEMENT

1. Plaintiff John Doe ("Plaintiff" or "Mr. Doe") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552, seeking declaratory, injunctive, and other appropriate relief to compel Defendant United States Immigration and Customs Enforcement ("ICE") to produce agency records improperly withheld from him.

2. The FOIA request, submitted on October 11, 2023 (the "FOIA Request"), seeks records related to ICE unlawfully disclosing Mr. Doe's personal identifying information and explicit details about Mr. Doe's pending immigration proceedings to the Nassau County, New York District Attorney's Office. Specifically, ICE disclosed documents related to his pending asylum application, including the reasons Mr. Doe fears persecution due to his political opinion, the physical harm and threats he has faced, his present-day political activity, and information identifying his family members and detailing the persecution they continued to suffer in ▇▇. ICE admitted the disclosure was in violation of its confidentiality obligations under 8 C.F.R. §

1

208.6. The Nassau County District Attorney's Office subsequently filed a portion of these records in a publicly accessible state court file in Nassau County court.

3. Plaintiff seeks asylum based on his fear of persecution and torture at the hands of the ▮ government on account of his ▮ identity, his pro-▮ political activities both in ▮ and the United States, and his familial ties to ▮ political activists. Two of Mr. Doe's immediate relatives are presently incarcerated in ▮ for their alleged pro-▮ affiliation. As a result of ICE's unlawful disclosure, sensitive records regarding Mr. Doe's history of persecution have become public court filing, placing him and his family in further danger.

4. The FOIA Request also seeks expedited processing in light of the imminent threat to his life and physical safety and his loss of substantial due process rights. 6 C.F.R. § 5.5(e).

5. To date, ICE has not produced any records in response to the FOIA Request and denied expedited processing.

6. Plaintiff therefore brings this action to compel Defendant to immediately process his FOIA Request and release records that have been unlawfully withheld.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 5 U.S.C § 552(a)(4)(B).

8. Venue is proper in the District of Columbia pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

9. Because Defendant has failed to comply with the time limits imposed by FOIA, Plaintiff has exhausted his administrative appeals. 5 U.S.C. § 552(a)(6)(C)(i). Plaintiff is therefore entitled to appeal directly to this Court for relief. 5 U.S.C.§ 552(a)(4)(B).

## PARTIES

10. Plaintiff John Doe is a citizen of ▮ who is seeking protection in the United States because he fears persecution and torture based on his political activity. Plaintiff has been detained

in ICE custody since September 2021, and is presently incarcerated in the Buffalo Federal Detention Facility in Batavia, New York. He submitted the FOIA Request on October 11, 2023.

11. Defendant United States Immigration and Customs Enforcement is a component of the Department of Homeland Security that enforces immigration and customs law and is responsible for the detention and removal of immigrants. Its headquarters are in Washington, DC.

## LEGAL AND FACTUAL BACKGROUND

### *ICE Breached Its Duty To Preserve the Confidentiality of Information Related To Mr. Doe's Asylum Claim*

12. Mr. Doe is a citizen of ▇ who is seeking asylum in the United States because he was persecuted and fears future persecution by the ▇ government due to his involvement in a ▇ political party. He is also a relative of high-profile individuals incarcerated in ▇ for their alleged involvement in pro-▇ causes.

13. ▇ is a minority religion in ▇ and ▇ authorities have sought to suppress ▇ political activity both domestically and overseas. For example, at the end of 2023, *The Intercept* reported the existence of secret government memo directing ▇ "consulates in North America to launch a 'sophisticated crackdown scheme' against ▇ diaspora organizations in Western countries."[1] Around the same time, an ▇ government employee was federally indicted in the United States for allegedly directing a plot to assassinate an ▇ national who is a leader in the ▇ political movement.[2]

---

[1] ▇

[2] *See* Sealed Superseding Indictment, ▇ Department of Justice, ▇

14. In 2017, Mr. Doe was placed into removal proceedings after he entered the United States and reported a credible fear of return to ▮▮▮. In his pending removal proceedings, he applied for asylum, withholding of removal, and protection under the Convention Against Torture. Since 2021, he has been detained in ICE custody.

15. Mr. Doe's immigration proceedings, including his asylum application, are currently pending before the Immigration Court. A merits hearing on his case will be held in New York on March 20, 2024.

16. ICE, which acts as the prosecutor in removal proceedings, is prohibited from disclosing to any third party "[i]nformation contained in or pertaining to any application for refugee admission, asylum, withholding of under [8 U.S.C. § 1231(b)(3)], or protection under regulations issued pursuant the Convention Against Torture's implementing legislation . . . without the written consent of the applicant, except as permitted by this section or at the discretion of the Secretary of [Homeland Security]." 8 C.F.R.§ 208.6(a).

17. The purpose of this regulation is to "safeguard[] information that, if disclosed publicly, could subject the [asylum] claimant to retaliatory measures by government authorities or non-state actors in the event the claimant is repatriated, or endanger the security of the claimant's family members who may still be residing in the country of origin." United States Citizenship and Immigration Services, Fact Sheet: Federal Regulation Protecting the Confidentiality of Asylum Applicants, Oct. 18, 2012.[3]

---

york#:~:text=Today%20in%20the%20Southern%20District,citizen%20in%20New%20York%20City;

[3] https://www.uscis.gov/sites/default/files/document/fact-sheets/Asylum-ConfidentialityFactSheet.pdf.

18. It is essential for victims of such disclosures to understand how much information the government disclosed and to whom. Courts have highlighted the importance of access to this information because the disclosures can form the basis of a meritorious asylum claim. *See, e.g., Lin v. United States Dep't of Justice*, 359 F.3d 255, 268 (2d Cir. 2006) ("This new risk of persecution [following unlawful disclosure of asylum-related material] may, independent of [Lin's] original claim, render him eligible for asylum and/or withholding of removal.").

19. Upon information and belief, on or around May 30, 2023, ICE unlawfully disclosed Mr. Doe's personal identifiable information ("PII") and information relat bed to his immigration proceedings to the Nassau County District Attorney's Office. Mr. Doe does not know the nature of the communications that led ICE to disclose information about him to the office.

20. Several months before, on or around May 1, 2023, Mr. Doe had filed a motion pursuant to New York Criminal Procedural Law § 440.10(1)(h) in Nassau County Supreme Court to vacate a plea taken in a criminal proceeding that the Nassau County District Attorney's Office prosecuted.

21. The disclosure was not limited to basic information about Mr. Doe's immigration proceedings, but rather revealed explicit details about Mr. Doe's asylum claim. In particular, the documents disclosed included a copy of an immigration judge's lengthy decision on his claims, which discusses, in part: the various reasons Mr. Doe fears persecution by the ▓▓▓ government, the various attempts he has made to avail himself of protection in the United States, his pro-▓▓▓ activities in ▓▓▓ the physical harm and threats he has faced, details surrounding the targeting of his family members, and details of Mr. Doe's own involvement in pro-▓▓▓ political activity in the United States.

22. The Nassau County District Attorney's Office subsequently filed a portion of these records—including the immigration judge's asylum decision—in a publicly accessible state court file in Nassau County court. To counsel's knowledge, those filings are still publicly accessible.

23. On September 18, 2023, after Mr. Doe's counsel alerted ICE to the disclosure, ICE acknowledged that it had violated its confidentiality obligations. ICE indicated that it had, among other steps, self-reported the violation to ICE's Office of Professional Responsibility Joint Intake Center, and agreed to join Mr. Doe in a motion to remand his immigration proceedings, which were then on appeal before the Board of Immigration Appeals ("BIA").

24. Based on the filings submitted by the Nassau County District Attorney's Office, Mr. Doe knows that, at a minimum, ICE unlawfully disclosed unredacted copies of: an immigration judge's 22-page decision in his case; his notice to appear (the document initiating his immigration proceedings); a notice of custody determination regarding his ongoing detention; and a status notice for a briefing schedule from the BIA. Mr. Doe does not whether ICE disclosed additional information to the Nassau County District Attorney or if it disclosed information to any other third party. Similarly, he does not know the circumstances of the unlawful disclosure or the names or identities of the ICE employees responsible for it.

25. The FOIA Request seeks records to understand the extent and circumstances of ICE's unlawful disclosure. Not only does Mr. Doe fear that the disclosure of information about his and his family's political activities exposes them to an increased risk of persecution, but information about ICE's disclosure is also germane to Mr. Doe's pending asylum claim in immigration court.

***Mr. Doe's FOIA Request and ICE's ongoing failure to comply with FOIA's requirements.***

26. On October 12, 2023, Mr. Doe, through counsel, filed a FOIA Request with ICE using ICE's Online FOIA Portal. *See* Oct. 12, 2023 FOIA Request, Ex. A. The Request was assigned case number 2024-ICFO-01546.

27. Mr. Doe's FOIA request contained nine (9) items seeking records related to:

- ICE's disclosure to third parties of his asylum application and related agency decisions;

- Communications between ICE and third parties regarding his asylum application and related agency decisions; communications between ICE and the Nassau County District Attorney's Office regarding his asylum application and related agency decisions;

- Communications between ICE employees and from ICE employees to third parties regarding the sharing of his asylum application and related agency decisions;

- Any investigation by of ICE or another DHS component regarding the sharing of this information, and the number and identity of third parties provided access to this information;

- The number and identity of individuals at the Nassau County District Attorney's Office to whom ICE sent a request to destroy, refrain from using or disclosing Mr. Doe's protected information;

- The number and identity of any other individuals/entities to whom ICE has sent "clawback letters;" and

- Non-exempt written drafts and/or final conclusions regarding data breaches by ICE and the violation of Mr. Doe's right to confidentiality and privacy.

28. Mr. Doe provided time periods for each of the requested items.

7

29. Mr. Doe requested expedited processing of his FOIA request pursuant to ICE-specific criteria provided at 6 C.F.R. § 5.5.

30. In support of expedited processing, Mr. Doe stated that "the lack of expedited processing could reasonably be expected to pose an imminent threat to the life and safety of an individual," 6 C.F.R. § 5.5(e)(i), because individuals and entities seeking to harm him and his family have an interest in the contents of the disclosed documents relating to persecution.

31. Mr. Doe also explained that, absent expedited processing, he would suffer "the loss of substantial due process rights," 6 C.F.R. § 5.5(e)(iii), because the unlawful disclosure would constitute "a supplemental claim" in his remanded asylum proceedings. Specifically, Mr. Doe would not be able to "properly articulate [this] claim . . . without knowing the full extent of the specific [personal identifying information] and asylum-related information disclosed and who it was disclosed to." Mr. Doe drew ICE's attention to caselaw indicating that ICE must provide him all relevant information in order to facilitate a future claim for protection based on the disclosure.

32. FOIA requires that agencies "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any [FOIA] request whether to comply with such request." 5 U.S.C. § 552(a)(6)(A)(i).

33. A request for expedited processing must be granted or denied within ten calendar days of the receipt of a FOIA request. 5 U.S.C. § (a)(6)(E)(ii)(I); 5 C.F.R. § 5.5(e)(4).

34. On October 18, 2023, ICE acknowledged the FOIA Request and requested that Mr. Doe "resubmit your request containing a reasonable description of the records you are seeking." This request tolled the agency's 20-day response period while ICE awaited Mr. Doe's response. 5 U.S.C. § 552(a)(6)(A)(ii)(I)-(II).

8

35. On November 16, 2023, Mr. Doe timely responded. *See* Nov. 16, 2023 Doe Ltr. Response, Ex. B. The response emphasized that the initial request contained a reasonable description that clearly and specifically identified the records sought. Nonetheless the response also offered minor modifications to the requests to streamline the production of the responsive documents.

36. On December 13, 2023, counsel for Mr. Doe contacted the ICE FOIA Office via email to request a determination of Mr. Doe's request for expedited processing and to inform the office of Mr. Doe's upcoming immigration court hearing, which was then scheduled for January 11, 2024.

37. On December 21, 2023, the ICE FOIA Office responded that the request for expedited processing "was denied on 11/12/2023" and indicated that it had "queried the appropriate component of DHS for responsive records and also sent a follow up query today- for responsive records."

38. Mr. Doe did not receive notice of ICE's denial of expedited processing. The page for his FOIA Request on the SecureRelease Portal, the service ICE uses to allow requestors to check the status of a request, contains no record of a determination. ICE's December 21, 2023 response did not describe the reason for the denial.

39. On January 9, 2024, Fayaz Habib, a prosecuting attorney in ICE's Office of the Principal Legal Advisor, advised Plaintiff's immigration counsel that "our office provided responsive/documents to the ICE FOIA department for processing."

40. Mr. Doe's FOIA Request has been pending for 76 business days, excluding the time during which ICE's response period was tolled.

41. To date, ICE has not provided any determination on Mr. Doe's FOIA Request.

42. ICE's failure to provide responsive documents is extraordinarily prejudicial to Mr. Doe. Because of ICE's failure to respond, Mr. Doe does not know the extent of the unlawful disclosure. Mr. Doe is now scheduled for a merits hearing in his immigration proceedings on March 20, 2024, with an evidentiary deadline to support his asylum claims on March 15, 2024. A comprehensive understanding of the unlawful disclosures are crucial to his asylum claim at the upcoming hearing date. The disclosure has put Mr. Doe and his family members in danger of further persecution and the responsive documents are necessary to understand the full scope of harm.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
*Failure to Respond Within Time Required*
**Freedom of Information Act:  5 U.S.C. § 552**

43. Plaintiff realleges and incorporates by reference paragraphs 1 through 42 above.

44. Plaintiff properly requested records within the possession, custody, and control of Defendant.

45. Defendant is an agency subject to FOIA and is therefore obliged under 5 U.S.C. § 552(a)(6)(A)(I) to produce records responsive to Plaintiff's FOIA Request within 20 business days. Defendant tolled this period by issuing a request for more information pursuant to 5 U.S.C. § 552(a)(6)(A)(ii)(I)-(II). The 20 business day period began to run again when Plaintiff timely responded to the request for more information and has now expired. Defendant has failed to produce any responsive records in response to Plaintiff's FOIA Request within the statutory 20 business day period.

46. Plaintiff has a legal right to timely obtain records responsive to his request, and no legal basis exists for Defendant's failure to timely disclose them.

47. Defendant's failure to disclose all responsive records within the statutory timeframe violates 5 U.S.C. §§ 552(a)(6)(A)(i) and (B) and has caused and will continue to cause Plaintiff substantial harm.

## SECOND CAUSE OF ACTION
*Failure to Conduct Adequate Search for Responsive Records*
**Freedom of Information Act:  5 U.S.C. § 552**

48. Plaintiff realleges and incorporates by reference paragraphs 1 through 42 above.

49. Plaintiff properly requested records within the possession, custody, and control of Defendant.

50. Defendant is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

51. Defendant has failed to promptly review agency records for the purpose of locating those records that are responsive to Plaintiff's FOIA Request.

52. Defendant's failure to conduct an adequate search violates FOIA and has caused and will cause Plaintiff substantial harm.

## THIRD CAUSE OF ACTION
*Failure to Disclose Responsive Records*
**Freedom of Information Act:  5 U.S.C. § 552**

53. Plaintiff realleges and incorporates by reference paragraphs 1 through 42 above.

54. Plaintiff properly requested records within the possession, custody, and control of Defendant.

55. Defendant is an agency subject to FOIA and must therefore promptly produce records responsive to Plaintiff's FOIA Request.  5 U.S.C. § 552(a)(3).

56. Defendant has failed to disclose in a timely manner non-exempt agency records requested by Plaintiff.

57. Defendant's failure to disclose responsive records violates FOIA and has caused and will cause Plaintiff substantial harm.

### FOURTH CAUSE OF ACTION
*Failure to Grant Expedited Processing*
**Freedom of Information Act:  5 U.S.C. § 552**
**Implementing Regulation:  5 C.F.R. § 5.5(e)**

58. Plaintiff realleges and incorporates by reference paragraphs 1 through 42 above.

59. Plaintiff properly requested records within the possession, custody, and control of Defendants on an expedited basis.

60. Defendant is an agency subject to FOIA and must therefore process FOIA requests on an expedited basis pursuant to the requirements of FOIA and agency regulations.

61. Plaintiff has demonstrated that he merits expedited processing (1) because the lack of expedited processing could reasonably pose an imminent threat to his life and safety and the life and safety of his family, and (2) because he faces the loss of substantial due process if he is unable to formulate and properly articulate his asylum claim based on Defendant's unlawful disclosure of asylum-related information.

62. Defendant's failure to grant Plaintiff expedited processing violates FOIA and ICE's regulation implementing expedited processing and has caused and will cause Plaintiff substantial harm.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1) Assume jurisdiction over this matter;

2) Order Defendant to process Plaintiff's FOIA Request on an expedited basis;

3) Order Defendant to immediately conduct an adequate search for all records responsive to Plaintiff's FOIA Request in accordance with 5 U.S.C. § 552(a)(3)(C);

4) Order Defendant to expeditiously disclose all responsive, non-exempt records on or before March 10, 2024;

5) Declare that Defendant's failure to conduct an adequate search violates 5 U.S.C. § 552(a)(3)(C);

6) Declare that Defendant's failure to disclose responsive records violates 5 U.S.C. § 552(a)(3)(A);

7) Declare that Defendant's failure to promptly produce responsive records violates 5 U.S.C. §§ 552(a)(6)(A)(i) and (B);

8) Award Plaintiff his costs and reasonable attorneys' fees in this action as provided for by the Equal Access to Justice Act, 28 U.S.C. § 2412, or other statute; and

9) Grant any other and further relief that this Court deems just and proper.

Dated: Brooklyn, NY
       March 5, 2024

Respectfully submitted,

 /s/ Kevin Siegel
Kevin Siegel, Esq.*
Alexandra Lampert, Esq.*
Brooklyn Defender Services
177 Livingston Street, 7th Floor
Brooklyn, NY 11201
Tel: 410-530-6466
Email: ksiegel@bds.org
*Pro Bono Counsel for Plaintiff*

*Appearing pursuant to Local Rule 83.2(h) as pro bono counsel on behalf of indigent Plaintiff.