UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>**Plaintiff,**<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>**Defendant.** | Civil Action No. 24-617 (JEB) |

## MEMORANDUM OPINION AND ORDER

Plaintiff John Doe is an Indian national who is seeking asylum in the United States for fear of persecution on account of his Sikh identity and pro-Sikh political activities. See ECF No. 1 (Complaint), ¶¶ 3, 12. He alleges that in May 2023, U.S. Immigration and Customs Enforcement unlawfully disclosed "explicit details" regarding his asylum claim and immigration proceedings generally, including his personal identifiable information, to a local district attorney's office. Id., ¶¶ 19, 21. Seeking to ascertain the full extent of the information ICE disclosed, Doe submitted a Freedom of Information Act request last October and sought expedited processing. Id., ¶¶ 24–27, 29. The Agency's subsequent denial of expedited processing and failure to produce any responsive documents to date form the basis for the present FOIA action. Id., ¶¶ 37–62.

Because this case concerns Doe's confidential asylum claim — the "very issue that gave rise to his FOIA request" — he has moved to proceed under a pseudonym and to seal certain PII. See ECF No. 2 (Motion) at 1, 4. The Court will grant the Motion in substantial part, subject to any further consideration by the United States District Judge to whom this case is randomly

1

assigned.  See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

## I.  Legal Standard

Generally, a complaint must identify the plaintiffs.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).  This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and relatedly,
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

As with the pseudonymity inquiry, "[t]he starting point in considering a motion to seal court records is a strong presumption in favor of public access to judicial proceedings." Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cir. 2016) (quoting EEOC v. Nat'l Children's Ctr., Inc., 98 F.3d 1406, 1409 (D.C. Cir. 1996)).  When a party seeks to overcome this presumption and seal court records, courts engage in the six-factor inquiry described in United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980).  Those factors are:

> (1) the need for public access to the documents at issue;
> (2) the extent of previous public access to the documents;
> (3) the fact that someone has objected to disclosure, and the identity of that person;
> (4) the strength of any property and privacy interests asserted;
> (5) the possibility of prejudice to those opposing disclosure; and
> (6) the purposes for which the documents were introduced during the judicial proceedings.

Nat'l Children's Ctr., 98 F.3d at 1409 (citing Hubbard, 650 F.2d at 317–22).

**II.     Analysis**

The Court will consider Plaintiffs' pseudonymity and sealing requests in turn, recognizing that they implicate similar considerations.

    A.     <u>Proceeding Under Pseudonym</u>

At this early stage, Plaintiff has met his burden to show that his privacy and safety interests outweigh the public's presumptive and substantial interest in learning his identity.

First, as the Complaint makes clear, Plaintiff does not seek to proceed under a pseudonym "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original).  The Complaint alleges, with some support from recent media reporting, that Indian authorities have "sought to suppress

3

Sikh political activity both domestically and overseas." Compl., ¶ 13 & nn.1–2.  This includes a foiled plot allegedly directed by an Indian government employee to assassinate a leader of the Sikh separatist movement on American soil, criminal charges for which are now pending in the Southern District of New York.  Id.; United States v. Gupta, No. 23-289 (S.D.N.Y. Nov. 29, 2023), ECF No. 9 (Sealed Superseding Indictment).  Plaintiff, in fact, mentions that he is the "relative of high-profile individuals" who have already been incarcerated by India for their pro-Sikh activities.  See Compl., ¶ 12.  Fundamentally, Plaintiff fears politically motivated reprisals and threats to his life and the lives of family members, not mere annoyance or criticism, if Indian officials become aware of his identity (and his asylum claim) in connection with this lawsuit.  See Alpha v. Mayorkas, No. 23-1438 (D.D.C. 2023), ECF No. 3 at 3; Doe v. Blinken, No. 23-3790 (D.D.C. 2023), ECF No. 6 at 3.

  For similar reasons, the second factor concerning the "risk of retaliatory physical or mental harm" to Plaintiff and (more crucially) to "innocent non-parties" also favors proceeding under a pseudonym.  In re Sealed Case, 971 F.3d at 326 (citation omitted).  The innocent non-parties in this case would be Plaintiff's family members, some of whom, as already noted, have been targeted in the past.  See Judicial Watch, Inc. v. Reno, 2001 WL 1902811, at *8 (D.D.C. Mar. 30, 2001) (release of asylum applications "not only threatens the individual's privacy, but may well endanger his life and the safety of other family members.").  To be sure, he does not attach an affidavit supporting these claims, cf. Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023) (referencing affidavits in support of motion), and "[d]iscovery may well render [his] concerns unsupported and unwarranted." Doe v. Fed. Republic of Germany, No. 23-1782, 2023 WL 4744154, at *3 (D.D.C. July 3, 2023).  At this stage, however, the Court finds that the allegations in the Complaint are sufficient to establish that revealing Doe's name in

4

connection with this litigation would subject him to a risk of harm by "opponents of the Sikh political movement" in India.  See Mot. at 6.  This factor therefore supports granting the Motion.

The third factor cuts the other way, as Plaintiff concedes.  See id. at 4 n.3.  Plaintiff is not himself a minor and does not allege that disclosure of his identity would affect the safety or welfare of any minor.  See In re Sealed Case, 971 F.3d at 326.

The fourth factor, however, supports the Motion.  Typically, "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about "reputation" that private individuals have when they are publicly charged with wrongdoing.'"  J.W. v. District of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (quoting Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014)); see also Doe 1 v. George Washington Univ., 369 F. Supp. 3d 49, 66 (D.D.C. 2019) (same).  Further, because Plaintiff alleges deficiencies in ICE's compliance with FOIA solely with respect to his individual request, the case does not threaten to "alter the operation of public law" as applied to others so as to trigger a "heightened public interest" in his identity.  Sponsor, 2023 WL 2598685, at *2 (quoting In re Sealed Case, 971 F.3d at 329).

The fifth and final factor lends further support to Plaintiff's Motion.  ICE would suffer no unfairness if the Motion were granted because it is already aware of Plaintiff's identity both in connection with his asylum claim and his FOIA requests.  See Mot. at 7; In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant knows plaintiff's identity).  Upon the filing of the pseudonymous Complaint, Defendant will remain free to request any further information it deems necessary to the full and fair defense of the case, and Plaintiff will remain free to object.

5

In sum, although the third factor weighs against granting the Motion, the remaining factors favor permitting Plaintiff to proceed under a pseudonym at this stage.

B.     Sealing PII

Doe also requests to seal information that he fears may lead opponents of the Sikh separatist movement to discover his identity, even if he proceeds under a pseudonym. Those items include his "name, age, date of birth, country of origin, religion, Social Security number, alien registration ('A') number, or any other identifying information; the names, ages, dates of birth, or any other identifying information of any of his family members [or] political associates; and any description of the facts giving rise to his past persecution and his fear of future persecution." Mot. at 1 n.1.

The Court notes, at the outset, that Local Civil Rule 5.4(f) already requires the parties to exclude or redact social-security numbers and dates of birth and, where necessary, to file unredacted documents containing such information under seal. In addition, because Plaintiff has already overcome the presumption of public access to his identity, it follows that other PII that could lead non-parties to discover his identity — which the Court agrees would include his name, age, and alien registration number, and also the names, ages, dates of birth, and other PII of family members or close associates that would lead a non-party to infer Plaintiff's identity — should be sealed as well. See, e.g., Alpha v. Mayorkas, No. 23-1438 (D.D.C. 2023), ECF No. 3 at 6 (granting pseudonymous motion and prohibiting disclosure of information "that could lead to the identification of Plaintiffs by non-parties"); Doe, Inc. v. Roe, 2021 WL 3622423, at *2 (D.D.C. April 28, 2021) ("When a plaintiff . . . moves to file a case under seal simultaneously with the filing of the complaint, and also moves to proceed anonymously, all to ensure that the plaintiff's identity is concealed from the public, the motion is most akin to a request to proceed

under a pseudonym, which triggers the . . . five-factor test."). It is uncertain, in any event, why a FOIA suit would need to include this type of information in pleadings.

The remaining categories of information — namely, Plaintiff's country of origin, religion, and the "facts giving rise to his past persecution and fear of future persecution," Mot. at 1 n.1, (insofar as that refers to the general fact that unnamed family members were incarcerated for pro-Sikh activities) — are not unique to him and thus warrant separate treatment. Whether that information should be sealed depends on the Hubbard factors.

The first factor favors disclosure, as the "need for public access" is accentuated where, as here, the government is a party. See United States v. All Assets Held at Bank Julius Baer & Co., 520 F. Supp. 3d 71, 81 (D.D.C. 2020). "[I]n such circumstances, the public's right to know what the executive branch is [doing] coalesces with the concomitant right of the citizenry to appraise the judicial branch." Id. There is, of course, minimal public interest in Plaintiff's personal information, see Mowery v. Nat'l Geospatial Intel. Agency, 2020 WL 12979022, at *2 (D.D.C. Nov. 12, 2020), but the Court is not convinced that mere mention of his Indian national origin and Sikh identity or the fact that Plaintiff's family members have experienced retaliation for pro-Sikh activities is sufficiently unique to him to qualify as PII.

As to the second factor, it is unclear to what extent the public has accessed the information Plaintiff seeks to seal. (Indeed, that issue is at the heart of this action.) It is at best neutral. Under the third factor, "the fact that a party moves to seal the record weighs in favor of the party's motion." Zapp v. Zhenli Ye Gon, 746 F. Supp. 2d 145, 149 (D.D.C. 2010). With the use of a pseudonym and redaction of the abovementioned PII, the property and privacy interests (Factor Four) and possibility of prejudice (Factor Five) here are substantially attenuated. Again,

Plaintiff has not shown that the remaining information is enough to uncover his identity, so as to implicate the risk of violent retaliation referenced in the pseudonymity analysis.

The sixth and final factor, "the purposes for which the documents were introduced," Hubbard, 650 F.2d at 321 (formatting altered), clearly favors disclosure. Plaintiff has "voluntarily commenced a public proceeding . . . and invoked the jurisdiction of this Court to do so," and thus his civil Complaint was introduced for a public purpose worthy of disclosure. Upshaw v. United States, 754 F. Supp. 2d 24, 30 (D.D.C. 2010). Further, the fact that Plaintiff fears persecution by the Indian government on the basis of his Sikh identity and pro-Sikh activities is the core basis for his asylum claim — and ICE's alleged failure to produce responsive records concerning the disclosure of that claim, in turn, is the basis for this FOIA lawsuit. See United States v. Harris, 204 F. Supp. 3d 10, 17–18 (D.D.C. 2016) ("The more relevant a pleading is to the central claims of the litigation, the stronger the presumption of unsealing the pleading becomes.").

In sum, only the third factor clearly favors Plaintiff; the rest do not. The Court will therefore only partially grant his request to seal.

The Court accordingly ORDERS that:

1. Plaintiff's [2] Motion is GRANTED IN PART and DENIED IN PART, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonym listed in the Complaint in all documents filed in this action;

3. For all public filings, the parties shall redact Doe's name, age, date of birth, Social Security number, alien registration ("A") number, or any other personal identifying

information (of Plaintiff or others associated with him) that could lead to the identification of Plaintiff by non-parties;

4. If Plaintiff seeks to proceed, he must file a Complaint on the public docket that redacts only the foregoing categories of sealed information; and

5. Within fourteen days of this Order, Plaintiff must file a pseudonymous version of his [2] Motion and any attachments on the public docket.

/s/ James E. Boasberg  
JAMES E. BOASBERG  
Chief Judge

Date: March 8, 2024