UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE,

Plaintiff,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

Defendant.

Civil Action No. 24-0617 (TJK)

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER**

## TABLE OF CONTENTS


BACKGROUND ............................................................. - 1 -

LEGAL STANDARD ............................................................. - 2 -

ARGUMENT ............................................................. - 5 -

I. Plaintiff Has Failed to Establish a Likelihood of Success on the Merits Because FOIA's Expedited Processing Provisions Do Not Require That Processing Be Completed Within a Time Certain. ............................................................. - 6 -

II. Plaintiff Has Not Established a Significant Risk of Irreparable Injury. ............- 7 -

III. An Order Requiring ICE to Accelerate Processing of Plaintiff's FOIA Request Would Not Serve the Public Interest ............................................................. - 10 -

CONCLUSION ............................................................. - 12 -

**TABLE OF AUTHORITIES**

*Aamer v. Obama*,
742 F.3d 1023 (D.C. Cir. 2014) .......... 5

*ACLU v. Dep't of Just.*,
321 F. Supp. 2d 24 (D.D.C. 2004) .......... 7

*Al-Fayed v. CIA,*
*Civ. A. No. 00-2092* (CKK), 2000 WL 34342564 (D.D.C. Sept. 20, 2000) .......... 9

*Allied Progress v. Consumer Fin. Prot. Bureau,*
*Civ. A. No. 17-0686* (CKK), 2017 WL 1750263 (D.D.C. May 4, 2017) .......... 4

*Aronson v. Dep't of Hous. & Urban Dev.*,
869 F.2d 646 (1st Cir. 1989) .......... 5

*Cobell v. Kempthorne*,
455 F.3d 301 (D.C. Cir. 2006) .......... 2

*Daily Caller v. Dep't of State*,
152 F. Supp. 3d 1 (D.D.C. 2015) .......... 3

*Davis v. Pension Ben. Guar. Corp.*,
571 F.3d 1288 (D.C. Cir. 2009) .......... 5

*Dorfmann v. Boozer*,
414 F.2d 1168 (D.C. Cir. 1969) .......... 3

*Elec. Info. Privacy Ctr. v. Dep't of Just.*,
15 F. Supp. 3d 32 (D.D.C. 2014) .......... 3, 6

*Elec. Privacy Info. Ctr. v. Dep't of Just.,*
Civ. A. No. 032078, slip op. (D.D.C. Oct. 20, 2003) .......... 4

*Friends of Animals v. Bureau of Land Mgmt.*,
232 F. Supp. 3d 63 (D.D.C. 2017) .......... 10

*Guedes v. ATF*,
920 F.3d 1 (D.C. Cir. 2019) .......... 5

*Guttenberg v. Emery*,
26 F. Supp. 3d 88 (D.D.C. 2014) .......... 8

*Heritage Found. v. EPA,*
(JEB), 2023 WL 2954418 (D.D.C. Apr. 14, 2023) .......... 10

*Hubbard v. United States*,
496 F. Supp. 2d 194 (D.D.C. 2007) .......... 6

*Katz v. Georgetown Univ.*,
246 F.3d 685–88 (D.C. Cir. 2001) .......... 2

*Long v. Dep't of Homeland Sec.*,
436 F. Supp. 2d 38 (D.D.C. 2006) ..... 4

*Mazurek v. Armstrong*,
520 U.S. 968 (1997) ..... 2

*Mills v. District of Columbia*,
571 F.3d 1304 (D.C. Cir. 2009) ..... 5

*Munaf v. Geren*,
553 U.S. 674 (2008) ..... 4, 5

*N.Y. Times Co. v. Def. Health Agency,*
(BAH), 2021 WL 1614817 (D.D.C. Apr. 25, 2021) ..... 8

*Nation Magazine v. Dep't of State*,
805 F. Supp. 68 (D.D.C. 1992) ..... 8

*Nat'l Conf. on Ministry to the Armed Forces v. James*,
278 F. Supp. 2d 37 (D.D.C. 2003) ..... 3

*Nishihata v. Blinken,*
No. 21-2173, 2021 WL 4476750 (D.D.C. Sep. 30, 2021) ..... 5

*Open Top Sightseeing USA v. Mr. Sightseeing, LLC*,
48 F. Supp. 3d 87 (D.D.C. 2014) ..... 8

*Pinnacle Armor, Inc. v. United States,*
No. 07-1655, 2008 WL 108969 (E.D. Cal. Jan. 7, 2008) ..... 5

*Protect Democracy Project, Inc. v. Dep't of Def.*,
263 F. Supp. 3d 293–302 (D.D.C. 2017) ..... 6

*Sierra Club v. Dep't of Energy*,
825 F. Supp. 2d 142 (D.D.C. 2011) ..... 10

*Univ. of Tex. v. Camenisch*,
451 U.S. 390 (1981) ..... 3

*Wadelton v. Dep't of State*,
941 F. Supp. 2d 120 (D.D.C. 2013) ..... 5

*Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*,
559 F.2d 841 (D.C. Cir. 1977) ..... 2

*Wiedenhoeft v. United States*,
189 F. Supp. 2d 295 –97 (D. Md. 2002) ..... 5

Pursuant to this Court's Minute Order of March 11, 2024, Defendant, U.S. Immigration and Customs Enforcement ("ICE"), responds in opposition to Plaintiff, John Doe's Motion for a Temporary Restraining Order ("Plaintiff's Motion"), ECF. No. 8 ("Pl.'s Mot."), which was filed on March 8, 2024.

**BACKGROUND**

Plaintiff alleges that sometime in May 2023, ICE improperly disclosed records relating to Plaintiff's pending asylum claim to a local district attorney's office. *See id.* at 2. The records allegedly disclosed by ICE contained "sensitive and detailed information" about Plaintiff, his family, his political activities, and the details surrounding his pending asylum claim. *See id.* This sensitive and detailed information was eventually filed on a publicly accessible court docket. *See id.* Accordingly, on October 12, 2023, Plaintiff submitted a Freedom of Information Act ("FOIA") request seeking records relating to ICE's disclosures, specifically regarding the identities of the third parties to whom ICE disclosed information regarding Plaintiff's asylum claim. *See id.* at 3. On December 21, 2023, Plaintiff's request for expedited processing of his request was denied by ICE. *See id.*

Plaintiff is scheduled for an asylum hearing on March 20, 2024, at which an Immigration Judge will determine whether he merits asylum or other forms of protection for people fearing persecution or torture. *See id.* at 4. If Plaintiff does not meet the evidentiary bar for these forms of relief, he claims that he will be denied relief and ordered deported. *See id.* Accordingly, Plaintiff, through his Motion, seeks for this Court to order ICE to produce records responsive to his FOIA request by no later than March 15, 2024, on the grounds that the records responsive to his FOIA request will purportedly support his fear of persecution and torture in his home country to which he will be deported if he fails to obtain asylum in the United States. *See id.* at 2. More specifically,

Plaintiff believes that he will be able to make a more persuasive showing in support of his asylum claim during his upcoming asylum hearing if he is able to identify the third parties to whom ICE allegedly made unauthorized disclosures regarding his asylum claim. *See id.* at 8.

At this time, ICE represents that it anticipates releasing all responsive, non-exempt records relating to Plaintiff's FOIA request to Plaintiff on or before March 15, 2024, an action that will moot Plaintiff's Motion. And, even if this matter were not about to be moot, the Court should nevertheless deny Plaintiff's Motion because Plaintiff has failed to meet the high standard for a temporary restraining order.

**LEGAL STANDARD**

The same standards of review apply for motions for temporary restraining orders and preliminary injunctions. *See Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977). To obtain a temporary restraining order, a plaintiff has the burden of demonstrating: "1) a substantial likelihood of success on the merits, 2) that [plaintiff] would suffer irreparable injury if the injunction is not granted, 3) that any injunction would not substantially injure other interested parties, and 4) that the public interest would be served by the injunction." *See Katz v. Georgetown Univ.*, 246 F.3d 685, 687–88 (D.C. Cir. 2001). Invariably, failing to establish even one of the factors is fatal to the relief Plaintiff requests. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

Even before considering the traditional four-factor test, the Court would be well within its discretion to deny Plaintiff's Motion given that injunctive relief is generally considered inappropriate in the context of a FOIA action. The traditional purpose of an injunction is to "preserve the status quo" so that the court can issue a meaningful decision on the merits. *See Cobell v. Kempthorne*, 455 F.3d 301, 314 (D.C. Cir. 2006) (citation omitted). But requiring agencies to produce documents within a specified period, as Plaintiff requests, "alter[s], rather than

preserve[s], the status quo by commanding [a] positive act." *Elec. Info. Privacy Ctr. v. Dep't of Just.*, 15 F. Supp. 3d 32, 39 (D.D.C. 2014) (citations omitted). Such mandatory injunctions are disfavored as a general matter and should not be issued except in truly extraordinary circumstances, which FOIA requests rarely (if ever) pose. *See*, e.g., *id.* (mandatory injunctions require "the moving party [to] meet a higher standard than in the ordinary case by showing clearly that he or she is entitled to relief or that extreme or very serious damage will result from the denial of the injunction") (citations omitted); *see also Nat'l Conf. on Ministry to the Armed Forces v. James*, 278 F. Supp. 2d 37, 43 (D.D.C. 2003) ("A district court should not issue a mandatory preliminary injunction unless the facts and law clearly favor the moving party." (quotation omitted)). Separately, binding precedent dictates that a preliminary injunction should not be a way for a plaintiff to short circuit the litigation process and obtain the full relief it seeks on the merits. *See Dorfmann v. Boozer*, 414 F.2d 1168, 1173 n.13 (D.C. Cir. 1969) (holding that "a preliminary injunction should not work to give a party essentially the full relief he seeks on the merits.") (per curiam); *see also Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) ("[I]t is generally inappropriate for a federal court at the preliminary injunction stage to give a final judgment on the merits."). Yet in a FOIA case such as this one, an order directing an agency to produce records by a date certain is the ultimate relief Plaintiff seeks. Granting ultimate relief in the guise of a temporary restraining order is improper. *See*, *e.g.*, *Daily Caller v. Dep't of State*, 152 F. Supp. 3d 1 (D.D.C. 2015).

Finally, FOIA establishes its own specialized procedural framework controlling the processing of FOIA requests and procedures for FOIA litigation. *See*, *e.g.*, 5 U.S.C. § 552(a)(3)(A) (providing that a FOIA request must reasonably describe the records sought and must be filed in accordance with published rules and procedures); *see also id.* § 552(a)(4)(C) (requiring responsive

filing within thirty days of service of a complaint). Sidestepping this statutory framework through emergency relief undermines Congressional intent and serves to disadvantage other requestors and litigants whose requests must then give way to Plaintiff's interests. Plaintiff should not be permitted to use the "extraordinary and drastic remedy" of an injunction, *see Munaf v. Geren*, 553 U.S. 674, 689 (2008), as a means of jumping ahead of other requests (including those already in the expedited processing track). Not only is this procedure unfair to other FOIA requesters, but it also results in burdensome and unnecessary motion practice for the parties and the Court.

For these reasons, Courts in this District routinely deny requests for injunctive relief in FOIA cases. *See*, *e.g.*, *Long v. Dep't of Homeland Sec.*, 436 F. Supp. 2d 38, 44 (D.D.C. 2006) (given the "broad scope of plaintiff's requests," denying motion for preliminary injunction to compel processing within twenty days, and explaining that "[t]he government has not yet had a chance to review its files, prepare and file a dispositive motion, and provide the Court the information necessary to make a decision on any material that might be subject to an exemption"); *see also Allied Progress v. Consumer Fin. Prot. Bureau*, Civ. A. No. 17-0686 (CKK), 2017 WL 1750263, *1 (D.D.C. May 4, 2017) (denying request for a preliminary injunction mandating expedited processing and production where requester failed to show a likelihood of success on the merits and irreparable harm); *see also Elec. Privacy Info. Ctr. v. Dep't of Just.*, Civ. A. No. 03-2078, slip op. at 1 (D.D.C. Oct. 20, 2003), ECF No. 4 (denying, *sua sponte*, a request "'enjoining defendant [agency] from continuing to deny plaintiff expedited processing of

plaintiff's Freedom of Information Act request'" because such relief "would effectively grant all the relief plaintiff seeks"), *vacated as moot*, No. 04-5063, 2004 WL 2713119 (D.C. Cir. 2004).[1]

**ARGUMENT**

The Supreme Court and the D.C. Circuit has identified a "likelihood of success on the merits" as the "most important factor" for courts to consider when contemplating a motion for preliminary injunctive relief. *See Nishihata v. Blinken*, Civ. A. No. 21-2173, 2021 WL 4476750, at *6 (D.D.C. Sep. 30, 2021) (quoting *Aamer v. Obama*, 742 F.3d 1023, 1038 (D.C. Cir. 2014); *see also Munaf,* 553 U.S. at 690 (holding that "a party seeking a preliminary injunction must demonstrate . . . a likelihood of success on the merits."). More specifically, a demonstration of "a likelihood of success is an independent, free-standing requirement for a preliminary injunction." *Davis v. Pension Ben. Guar. Corp.*, 571 F.3d 1288, 1296 (D.C. Cir. 2009) (concurring opinion). Therefore, if a party fails to show "a substantial likelihood of success on the merits," then that party is not entitled to any injunctive relief. *See Mills v. District of Columbia*, 571 F.3d 1304, 1308 (D.C. Cir. 2009). Likelihood of success on the merits has been deemed a "foundational" requirement, and the D.C. Circuit has declined to consider the other preliminary injunction factors when this requirement has not been met. *See Guedes v. ATF*, 920 F.3d 1, 10 (D.C. Cir. 2019).

---

[1] *See also Wadelton v. Dep't of State*, 941 F. Supp. 2d 120, 124 (D.D.C. 2013) (denying request for a preliminary injunction to expedite processing where requester failed to meet all four elements); *see also Jud. Watch, Inc. v. Dep't of Just.*, Civ. A. No. 00-1396, 1 (D.D.C. 2000), ECF No. 4 (denying plaintiff's "emergency motion for expedited treatment" to "compel defendant to respond to plaintiff's Freedom of Information Act request" and noting that the FOIA "was not designed and does not operate as a vehicle to provide immediate and continuing access to government records through litigation"). Courts in other districts do so as well. *See e.g.*, *Aronson v. Dep't of Hous. & Urban Dev.*, 869 F.2d 646, 648 (1st Cir. 1989) (affirming denial of preliminary injunction); *Pinnacle Armor, Inc. v. United States*, Civ. A. No. 07-1655, 2008 WL 108969, at *9 (E.D. Cal. Jan. 7, 2008) (denying injunctive relief and noting that "[p]laintiff has not provided any authority for the proposition that the claim for the Freedom of Information Act supports a claim for an injunction"); *see also Wiedenhoeft v. United States*, 189 F. Supp. 2d 295, 296–97 (D. Md. 2002) (refusing to issue temporary restraining order to force "immediate compliance" with plaintiff's FOIA requests by moving them "to the head of the queue forthwith").

Putting aside all the general reasons to deny preliminary injunctive relief in a FOIA case, Plaintiff has failed to show entitlement to such an extraordinary remedy. *See Elec. Info. Privacy Ctr.*, 15 F. Supp. 3d at 39 (mandatory injunctions require "the moving party [to] meet a higher standard than in the ordinary case by showing clearly that he or she is entitled to relief or that extreme or very serious damage will result from the denial of the injunction") (citations omitted). Specifically, Plaintiff fails to show a likelihood of success on the merits because it cannot demonstrate why it is entitled to receive all responsive, non-exempt records no later than March 15, 2024. Likewise, Plaintiff cannot show that it would suffer actual, irreparable harm if its FOIA request is not completely processed by March 15, 2024. Finally, the balance of harms and public interest favor the fair result of having Plaintiff's FOIA request processed in line with other expedited requests.

## I. Plaintiff Has Failed to Establish a Likelihood of Success on the Merits Because FOIA's Expedited Processing Provisions Do Not Require That Processing Be Completed Within a Time Certain.

Before a court may enter a preliminary injunction, "[i]t is particularly important for the movant to demonstrate a substantial likelihood of success on the merits," because "absent a substantial indication of likely success on the merits, there would be no justification for the court's intrusion into the ordinary processes of administration and judicial review." *Hubbard v. United States*, 496 F. Supp. 2d 194, 198 (D.D.C. 2007) (internal quotation marks and citation omitted). To make this kind of showing here, Plaintiff must establish that he is entitled to the records within the timeframe he wishes. *See Protect Democracy Project, Inc. v. Dep't of Def.*, 263 F. Supp. 3d 293, 301–302 (D.D.C. 2017). This Plaintiff has not done. FOIA does not dictate a specific, compressed schedule for processing requests, even when those requests are expedited. Rather, the statute directs an agency merely to "process *as soon as practicable* any request for records to which the agency has granted expedited processing." 5 U.S.C. § 552(a)(6)(E)(iii) (emphasis added); *see*

*also* 32 C.F.R. § 1700.12(b) ("If a request for expedited processing is granted, the request shall be given priority and shall be processed as soon as practicable").

Thus, the expedited processing provision of FOIA is an ordering mechanism, allowing certain FOIA requesters to jump to the head of the line and avoid the ordinary processing queue. Nevertheless, once a request is at the front of the line, "practicability" is the standard that governs how quickly any request can be processed. *See*, *e.g.*, *ACLU v. Dep't of Just.*, 321 F. Supp. 2d 24, 38 (D.D.C. 2004) (reversing agency's denial of expedited processing and ordering the agency to "process plaintiffs' request . . . consistent with 5 U.S.C. § 552(a)(6)(E)(iii) and 28 C.F.R. § 16.5(d)(1)(4) ('as soon as practicable')"). Yet Plaintiff ignores the plain language of the FOIA statute, and instead, attempts to invent a time limit applicable to his FOIA request by citing 6 C.F.R. § 5.5(e), which he cites as a basis for the eligibility of his FOIA request for expedited processing. But even if the Court were to decide that Plaintiff has sufficiently demonstrated his FOIA request's eligibility for expedited processing under 6 C.F.R. § 5.5(e), it is notable that 6 C.F.R. § 5.5(e) only allows for FOIA requests which are placed on an expedited processing track to be "processed as soon as practicable." 6 C.F.R. § 5.5(e)(4). In other words, 6 C.F.R. § 5.5(e) does not provide any basis for the relief sought in Plaintiff's Motion, which demands responsive records by a date certain on March 15, 2024. Moreover, Plaintiff nowhere even attempts to demonstrate that March 15, 2024, is a "practicable" deadline.

## II. Plaintiff Has Not Established a Significant Risk of Irreparable Injury.

In addition to failing to demonstrate a likelihood of success on the merits, Plaintiff has also failed to establish that injunctive relief is necessary to prevent irreparable harm. In this case, the focus of this inquiry is whether Plaintiff will suffer irreparable injury if its FOIA request is not processed on the schedule that Plaintiff demands but instead are processed according to the time frame that Congress has established—i.e., "as soon as practicable." Plaintiff speculates that the

denial of emergency relief in this case could impose irreparable harm because the information he seeks from ICE may be of assistance to him in preparing for an upcoming asylum hearing. But Plaintiff's argument is pure speculation, and it is not sufficient to support issuance of a temporary restraining order.[2] *See N.Y. Times Co. v. Def. Health Agency*, Civ. A. No. 21-0566 (BAH), 2021 WL 1614817, at *9 (D.D.C. Apr. 25, 2021) (denying a motion for a preliminary injunction where the alleged irreparable harm was "at best, speculative.").

Specifically, at this stage Plaintiff does not know (and certainly has not established) whether his FOIA request will produce any responsive, non-exempt documents that will have any relevance for his asylum hearing scheduled March 20, 2024. Presumably, the reason Plaintiff has requested the records is because he does not know what the records will contain. Thus, even assuming that Plaintiff's inability to use certain documents in an asylum hearing constitutes irreparable harm, he is only guessing whether any irreparable harm exists because Plaintiff does not know whether there will be responsive, nonexempt documents and whether, if so, the responsive documents will be of any use for him at his asylum hearing. *See Nation Magazine v. Dep't of State*, 805 F. Supp. 68, 74 (D.D.C. 1992) (finding no irreparable harm because even if the Court "were to direct the speed up of the processing of their requests," plaintiffs had not shown that they were "entitled to release of the documents they" were seeking).

---

[2] Indeed, it is black-letter law that a Plaintiff's lack of urgency will undermine its argument for irreparable harm. *See*, *e.g.*, *Open Top Sightseeing USA v. Mr. Sightseeing, LLC*, 48 F. Supp. 3d 87, 90 (D.D.C. 2014) ("The D.C. Circuit has found that a delay of forty-four days before bringing action for injunctive relief was 'inexcusable,' and 'bolstered' the 'conclusion that an injunction should not issue,' particularly where the party seeking an injunction had knowledge of the pending nature of the alleged irreparable harm." (quoting *Fund for Animals v. Frizzell*, 530 F.2d 982, 987 (D.C. Cir. 1975))); *see also Guttenberg v. Emery*, 26 F. Supp. 3d 88, 103 (D.D.C. 2014) ("Plaintiffs' delay in requesting a preliminary injunction also weighs against a finding of irreparable harm here."). The fact that Plaintiff waited almost one year since the supposedly unauthorized disclosures by ICE in May 2023 to file this TRO Motion is by itself evidence that there is no risk of irreparable harm.

Additionally, even if Plaintiff's FOIA request results in the disclosure of responsive, non-exempt documents, he has not established that production of those documents according to a schedule guided by the "as soon as practicable" standard will impose irreparable injury. *See Al-Fayed v. CIA*, Civ. A. No. 00-2092 (CKK), 2000 WL 34342564 at *5 (D.D.C. Sept. 20, 2000) (denying preliminary injunction for expedited processing based in part on plaintiff's failure to explain why "information will not retain its value if procured through the normal FOIA channels."). As indicated above, Plaintiff submitted his FOIA request to identify the third parties (i.e., besides the local district attorney's office) who purportedly received unauthorized disclosures from ICE regarding his asylum claim. Plaintiff appears to believe the the names and identities of the aforesaid third parties may constitute evidence that he may be able to use at his asylum hearing by way of demonstrating the risk of physical harm and persecution that he faces because of ICE's unauthorized disclosures.

But there is one important flaw with Plaintiff's argument. Whatever harm that may have been inflicted upon him because of ICE's supposed disclosure of information pertaining to his asylum claim, Plaintiff cannot—and indeed, has not even attempted—to show that the specific identities of those to whom ICE made those disclosures can have any relevance for Plaintiff's upcoming asylum hearing. As Plaintiff already concedes, information regarding his asylum claim has already been filed on a public court docket, and so he does not need responsive records from ICE to prove that various third parties—whether they be governments, entities, or individuals—may have information regarding his asylum claim. Injunctive relief is only appropriate to obviate the possibility of irreparable harm, but it is evident from Plaintiff's filing that he complains only of harm that has, if anything, already been inflicted on him due to ICE's alleged unauthorized disclosures, rather than any imminent harm which can only be averted by the Court granting his

Motion. *See Sierra Club v. Dep't of Energy*, 825 F. Supp. 2d 142, 153 (D.D.C. 2011) ("It would make little sense for a court to conclude that a plaintiff has shown irreparable harm when the relief sought would not actually remedy that harm. . .it is perhaps more accurate to phrase the question. . .as whether the plaintiff will suffer irreparable harm 'but for' the issuance of an injunction.").

## III. An Order Requiring ICE to Accelerate Processing of Plaintiff's FOIA Request Would Not Serve the Public Interest.

The balance of equities and public interest factors "merge when the Government is the opposing party." *Friends of Animals v. Bureau of Land Mgmt.*, 232 F. Supp. 3d 63, 67 (D.D.C. 2017) (quoting *Nken v. Holder*, 556 U.S. 418, 435 (2009)) (internal quotation mark omitted). Here, the two factors tilt against Plaintiff because Plaintiff would be manipulating the FOIA process to jump ahead of other requesters in line.

*C*ourts frequently find that the balance of equities and public interest factors tilt against FOIA plaintiffs who seek to jump ahead of other requesters. *See, e.g.*, *Heritage Found. v. EPA*, Civ. A. No. 23-0748 (JEB), 2023 WL 2954418, at *6 (D.D.C. Apr. 14, 2023) ("[I]ssuing the requested injunction would just allow [Plaintiff] to jump over other FOIA requesters in line. . . . Other courts have on this basis found the balance of equities and public interest to weigh against plaintiffs in similar circumstances." (collecting cases)), *appeal dismissed*, No. 23-5086, 2023 WL 8116008 (D.C. Cir. Nov. 17, 2023). Processing Plaintiff's documents at breakneck speed would require stalling the processing of others' requests. *See Elec. Frontier Found. v. Dep't of Just.*, Civ. A. No. 07-0656 (JDB) (D.D.C. June 15, 2007), ECF No. 12 (Order) at 3-4 ("Moreover, the possibility of overuse, or even abuse, of preliminary injunction requests in the FOIA scheduling context is obvious.").

The public interest, therefore, is not well served by permitting requestors to avoid the plain terms of the FOIA, nor is it served by forcing government agencies to accelerate FOIA processing

based on nothing more than speculative claims that the requested information is time sensitive. While ICE is prepared to resolve Plaintiff's FOIA request by March 15, 2024, Plaintiff's request for injunctive relief threatens to compromise the delicate balancing of the public interest that Congress undertook in enacting FOIA between the general interest in disclosure of government information and the necessity of ensuring that certain types of documents, the disclosure of which would cause harm, were not to be disclosed. *See* 5 U.S.C. §522(b). A court order requiring ICE to disclose documents on Plaintiff's desired time frame and other than "as soon as practicable" causes significant harm to this predetermined balancing of competing public interests.

* * *

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion should be denied. A proposed order is enclosed herewith.

Dated: March 13, 2024
       Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:     /s/*Fithawi Berhane*
    FITHAWI BERHANE
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-6653
    Fithawi.Berhane@usdoj.gov

*Attorneys for the United States of America*