UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>      Plaintiff,<br><br>    v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>      Defendant. | Civil Action No. 24-0617 (TJK) |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS AS
TO WHICH THERE IS NO GENUINE ISSUE DEFENDANTS' STATEMENT OF
MATERIAL FACTS**

Pursuant to Local Civil Rule 7(h), Defendant, U.S. Immigration and Customs Enforcement ("ICE"), hereby submits this statement of material facts as to which there is no genuine dispute in support of their motion for summary judgment in this Freedom of Information Act ("FOIA") case.

**I.    Status of Plaintiff's FOIA Request**

1.    Plaintiff submitted a FOIA request to ICE on October 12, 2023, and which was subsequently updated on November 16, 2023.  Declaration of Fernando Pineiro ("Pineiro Decl.") ¶¶ 6, 8.

2.    Generally, Plaintiff's FOIA request seeks documents and communications relating to disclosures by ICE to third-parties regarding Plaintiff's pending asylum application. *See generally id.*, Ex. B.

3.    On March 8, 2024, not having received a final response to his FOIA request, Plaintiff filed a federal Complaint. *Id.* ¶ 12.

4.    Also on March 8, 2024, Plaintiff filed a Motion for a Temporary Restraining Order to expedite ICE's production of responsive records. *Id.*

5.       However, on March 14, 2024, ICE provided Plaintiff with a final response to his FOIA request, and Plaintiff's aforesaid motion was consequently dismissed for mootness. *Id*. ¶ 13.

6.       Instantly, Plaintiff exclusively challenges the adequacy of ICE's search, along with the assertion of FOIA Exemptions 5 and 7(E) to portions of the records responsive to its FOIA request. *See generally* ECF No. 17.

II.       **ICE's Search for Responsive Records**

7.       The ICE FOIA Office is assigned with responsibility for determining, upon receipt of a FOIA request, which program office(s) are likely to possess records that are potentially responsive to the received FOIA request. Pineiro Decl. ¶ 15-16.

8.       ICE records are maintained by directorates and leadership offices such as: the Office of Public Affairs, the Office of Enforcement and Removal Operations, the Office of Professional Responsibility, the ICE FOIA Office, the Office of the Director, the Office of the Principal Legal Advisor, and the Chief Financial Officer. *Id.* ¶ 17.

9.       Each program office is staffed with a point-of-contact "who is the primary person responsible for communications between that program office and the ICE FOIA office." *Id.*

10.       "Once the ICE FOIA Office determines the appropriate program offices for a given request, it provides the POCs in each of those program offices with a copy of the FOIA Request and instructs them to conduct a search for responsive records." *Id.* ¶ 18.

11.       "The [point-of-contacts] then review the FOIA request, along with any case-specific instructions provided by the ICE FOIA Office and based on their experience and knowledge of their program office's practices and activities, forward the request and instructions to the individual employee(s) or component office(s) within the program office that they believe are reasonably likely to have responsive records, if any." *Id.*

12. "ICE employees maintain records in several ways. ICE program offices use various systems to maintain records, such as investigative files, records regarding the operation of ICE programs, and administrative records. ICE employees may store electronic records on their individual computer hard drives, their program office's shared drive (if the office uses one), DVDs, CDs, and/or USB storage devices. The determination of whether or not these electronic locations must be searched in response to a particular FOIA tasking, as well as how to conduct any necessary searches, is necessarily based on the manner in which the employee maintains his/her files." *Id*. ¶ 19.

13. "Additionally, all ICE employees have access to e-mail. ICE uses the Microsoft Outlook e-mail system. Each ICE employee stores his/her files in the way that works best for that particular employee. ICE employees use various methods to store their Microsoft Outlook e-mail files - some archive their files monthly, without separating by subject; others archive their e-mail by topic or by program; still others may create PST files of their emails and store them on their hard drive or shared drive." *Id*. ¶ 20.

14. Upon receipt of potentially responsive records from the program office's point-of-contact, the ICE FOIA Office assigns a FOIA processor to perform a review and to determine whether the records are, in fact, responsive, and if responsive, whether any redactions should be made pursuant to FOIA or the Privacy Act. *Id.* ¶ 21.

15. After review of Plaintiff's FOIA request, the ICE FOIA Office tasked the Office of the Principal Legal Advisor, the Office of Enforcement and Removal Operations, the Office of Professional Responsibility, the Office of Information Governance and Privacy, and the Office of the Chief Information Officer with conducting a search for responsive records. *Id*. ¶ 24.

16.     The Office of Information Governance and Privacy and the Office of Professional Responsibility, however, "responded to the ICE FOIA Office that they would not have responsive records." *Id.*

17.     The Office of Information Governance and Privacy "also declined to search since [the Office of Enforcement and Removal Operations] and [the Office of the Principal Legal Advisor] were tasked to search." *Id.*

18.     Pursuant to the Office of the Principal Legal Advisor's search, approximately 1,453 pages of potentially responsive records were recovered. After these records were processed, all responsive, non-exempt records were provided to Plaintiff I the final production of March 14, 2024. *Id.* ¶¶ 31, 52-54.

19.     Pursuant to the Office of Enforcement and Removal's search, approximately 160 pages of potentially responsive records were recovered. After these records were processed, all responsive, non-exempt records were provided to Plaintiff in the final production of March 14, 2024. *Id.* ¶¶ 35, 52-54.

### III.    Withholdings

#### A.     Exemption 5

20.     Pursuant to FOIA Exemption 5, ICE withheld information pursuant to the deliberative process privilege and the attorney-client privilege. *Id.* ¶¶ 39-42.

21.     Pursuant to FOIA Exemption 5's deliberative process privilege, ICE withheld from disclosure—among other things—"draft documents and emails containing pre-decisional opinions of agency employees deliberating on what action the agency should take." *Id.* ¶ 41.

22.     Pursuant to FOIA Exemption 5's attorney-client privilege, ICE withheld from disclosure—among other things—"email exchanges between ICE attorneys and other ICE components where ICE attorneys provide confidential legal advice to their clients." *Id.* ¶ 42.

23. Additional information elucidating ICE's application of Exemption 5 is provided in ICE's Vaughn Index. *See generally id.*, Ex. A.

**B.     Exemption 7**

24. ICE is a law enforcement agency under the purview of the Department of Homeland Security. *Id.* ¶ 44 ("ICE is tasked with preventing any activities that threaten national security and public safety by investigating the people, money, and materials that support illegal enterprises.").

25. Plaintiff's FOIA requests sought law enforcement records. *See Id.* ¶ 45.

Exemption 7(E)

26. Pursuant to FOIA Exemption 7(E), ICE withheld information that identified law enforcement codes contained in screenshots of databases. *Id.* ¶ 47.

27. "The information redacted is a screenshot of the EARM database, which is a software application that supports ICE's processing and removal of noncitizens from the United States and used primarily as a case management tool to track the status of removal proceedings. It includes specific information regarding a noncitizen's detention and removal, including, but not limited to, specifics about bed location, transfers, and travel times." *Id.*

28. "This type of information is utilized for law enforcement purposes as it is in furtherance of ICE's obligation to enforce the immigration laws of the United States by conducting removal operations and ensuring that these operations are not hindered by actions of bad actors who may obtain access to confidential law enforcement sensitive information and intelligence." *Id.* ¶ 48.

29. Additional information elucidating ICE's application of Exemption 7(E) is provided in ICE's Vaughn Index. *See generally id.*, Ex. A.

## IV. Segregability

30. ICE carefully reviewed the responsive records on a line-by-line basis to identify reasonably segregable, non-exempt information to ensure that all such information was released. *Id.* ¶ 53.

31. ICE determined that all information withheld either was exempt from disclosure pursuant to a FOIA exemption or was so intertwined with protected material that segregation was not possible without revealing the underlying protected material. *Id.* ¶ 54.

32. ICE produced all the segregable, non-exempt information in the requested records, including the factual material that was presented in these records. *Id.*

Dated: September 2, 2024  
       Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052  
United States Attorney

BRIAN P. HUDAK  
Chief, Civil Division

By:    /s/*Fithawi Berhane*  
FITHAWI BERHANE  
Assistant United States Attorney  
601 D Street, NW  
Washington, DC 20530  
(202) 252-6653  
Fithawi.Berhane@usdoj.gov

*Attorneys for the United States of America*