UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE,<br><br>      Plaintiff,<br><br>  v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>      Defendant. | Civil Action No. 24-0617 (TJK) |

**MEMOANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................... 1
BACKGROUND ...................................................................................................................... 1
STANDARDS OF REVIEW .................................................................................................... 4
    A.   Motion for Summary Judgment Under Rule 56 ............................................... 4
    B.   Summary Judgment in the FOIA Context Generally ....................................... 4
ARGUMENT ............................................................................................................................ 6
    B.   ICE Properly Invoked FOIA Exemptions for Their Withholdings ................... 8
    1.   Exemption 5 ...................................................................................................... 8
    2.   Exemption 7(E) .............................................................................................. 10
    C.   Defendants Released All Reasonably Segregable Information ...................... 11

# TABLE OF AUTHORITIES

*Agrama v. IRS*,
  282 F. Supp. 3d 264 (D.D.C. 2017) ................................................................................. 11

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ........................................................................................................... 4

*Boyd v. Crim. Div. of U.S. Dep't of Just.*,
  475 F.3d 381 (D.C. Cir. 2007) ........................................................................................ 11

*Budik v Dep't of Army*,
  742 F. Supp. 2d 20 (D.D.C. 2010) ................................................................................ 7-8

*Citizens for Resp. & Ethics in Wash. v. Dep't of Just.*,
  746 F.3d 1082 (D.C. Cir. 2014) ........................................................................................ 5

*Clemente v. FBI*,
  867 F.3d 111 (D.C. Cir. 2017) ...................................................................................... 6, 8

*Defenders of Wildlife v. Dep't of Interior*,
  314 F. Supp. 2d 1 (D.D.C. 2004) ..................................................................................... 7

*Defenders of Wildlife v. U.S. Border Patrol*,
  623 F. Supp. 2d 83 (D.D.C. 2009) ................................................................................... 7

*Greenberg v. Dep't of Treasury*,
  10 F. Supp. 2d 3 (D.D.C. 1998) ....................................................................................... 7

*Iturralde v. Comptroller of Currency*
  F.3d 311 (D.C. Cir. 2003) ............................................................................................. 7, 8

*Jud. Watch v. Dep't of Def.*,
  No. 19-1384 (DLF), 2021 WL 270503 (D.D.C. Jan. 27, 2021) ..................................... 6, 9

*Jud. Watch, Inc. v. Rossotti*,
  285 F. Supp. 2d 17 (D.D.C. 2003) ................................................................................... 7

*Kowalczyk v. Dep't of Just.*,
  73 F.3d 386 (D.C. Cir. 1996) ........................................................................................... 7

*Loving v. Dep't of Def.*,
  550 F.3d 32 (D.C. Cir. 2008) ........................................................................................ 8, 9

Machado *Amadis v. Dep't of State*,
  971 F.3d 364 (D.C. Cir. 2020) ......................................................................................... 5

*Marks v. Dep't of Justice*,
  578 F.2d 261 (9th Cir. 1978) ............................................................................................ 7

*Mead Data Cent., Inc. v. U.S. Dep't of Air Force*,
  566 F.2d 242 (D.C. Cir. 1977) ....................................................................................... 11

*Meeropol v. Meese*,
    790 F.2d 942 (D.C. Cir. 1986) ................................................................................. 4, 5

*Myrick v. Johnson*,
    199 F. Supp. 3d 120 (D.D.C. 2016) ..................................................................... 10, 11

*Oglesby v. Dep't of the Army*,
    920 F.2d 57 (D.C. Cir. 1990) ............................................................................. 4, 5, 7

*Perry v. Block*,
    684 F.2d 121 (D.C. Cir. 1982) ................................................................................ 4-5

*Pub. Employees for Envtl. Responsibility v. EPA*,
    211 F. Supp. 3d 227 (D.D.C. 2016) ....................................................................... 9, 10

*SafeCard Servs., Inc. v. SEC*,
    926 F.2d 1197 (D.C. Cir. 1991) ............................................................................. 5, 7

*Summers v. Dep't of Just.*,
    140 F.3d 1077 (D.C. Cir. 1998) ................................................................................ 11

*Ullah v. CIA*,
    435 F. Supp. 3d 177 (D.D.C. 2020) ............................................................................ 4

*Valencia-Lucena v. U.S. Coast Guard*,
    180 F.3d 321 (D.C. Cir. 1999) ................................................................................... 6

*Weisberg v. U.S. Dep't of Justice*,
    705 F.2d 1344 (D.C. Cir. 1983) ................................................................................. 4

## INTRODUCTION

This case arises from a Freedom of Information Act ("FOIA") request that Plaintiff, John Doe made to Defendant, the United States Immigration and Customs Enforcement ("ICE"). Defendant now moves for summary judgment with respect to the adequacy of its search and its withholdings pursuant to FOIA Exemptions 5 and 7(E). As discussed below, ICE conducted adequate searches, properly invoked FOIA exemptions for its withholdings, and has released all non-exempt information. Accordingly, the Court should grant summary judgment in Defendant's favor.

## BACKGROUND

Defendant incorporates herein the attached Defendant's Statement of Material Facts ("Def.'s Stmt") and the accompanying Declaration of Fernando Pineiro ("Pineiro Decl."). Nevertheless, for the convenience of the Court, Defendant includes a summary of the facts of this case below.

Plaintiff submitted a FOIA request to ICE on October 12, 2023, which was subsequently updated on November 16, 2023. Def.'s Stmt. ¶ 1. Generally, Plaintiff's FOIA request seeks documents and communications relating to disclosures by ICE to third parties regarding Plaintiff's pending asylum application. *Id*. ¶ 2.

On March 8, 2024, not having received a final response to his FOIA request, Plaintiff filed a federal Complaint. *Id*. ¶ 3. Also on March 8, 2024, Plaintiff filed a Motion for a Temporary Restraining Order to expedite ICE's production of responsive records. *Id*. ¶ 4. However, on March 14, 2024, ICE provided Plaintiff with a final response to his FOIA request, and Plaintiff's aforesaid motion was consequently dismissed for mootness. *Id*. ¶ 5. Instantly, Plaintiff exclusively

challenges the adequacy of ICE's search, along with the assertion of FOIA Exemptions 5 and 7(E) to portions of the records responsive to its FOIA request. *Id*. ¶ 6.

The ICE FOIA Office is assigned with responsibility for determining, upon receipt of a FOIA request, which program office(s) are likely to possess records that are potentially responsive to the received FOIA request. *Id*. ¶ 7. ICE records are maintained by directorates and leadership offices such as: the Office of Public Affairs, the Office of Enforcement and Removal Operations, the Office of Professional Responsibility, the ICE FOIA Office, the Office of the Director, the Office of the Principal Legal Advisor, and the Chief Financial Officer. *Id*. ¶ 8.

Each program office is staffed with a point-of-contact "who is the primary person responsible for communications between that program office and the ICE FOIA office." *Id*. ¶ 9. "Once the ICE FOIA Office determines the appropriate program offices for a given request, it provides the [points-of-contact] in each of those program offices with a copy of the FOIA Request and instructs them to conduct a search for responsive records." *Id*. ¶ 10. Upon receipt of potentially responsive records from the program office's point-of-contact, the ICE FOIA Office assigns a FOIA processor to perform a review and to determine whether the records are, in fact, responsive, and if responsive, whether any redactions should be made pursuant to FOIA or the Privacy Act. *Id*. ¶ 14. After review of Plaintiff's FOIA request, the ICE FOIA Office tasked the Office of the Principal Legal Advisor, the Office of Enforcement and Removal Operations, the Office of Professional Responsibility, the Office of Information Governance and Privacy, and the Office of the Chief Information Officer with conducting a search for responsive records. *Id*. ¶ 15. The Office of Information Governance and Privacy and the Office of Professional Responsibility, however, "responded to the ICE FOIA Office that they would not have responsive records." *Id*. ¶ 16. The Office of Information Governance and Privacy "also declined to search since [the Office of

2

Enforcement and Removal Operations] and [the Office of the Principal Legal Advisor] were tasked to search." *Id*. ¶ 17.

Pursuant to the Office of the Principal Legal Advisor's search, approximately 1,453 pages of potentially responsive records were recovered. After these records were processed, all responsive, non-exempt records were provided to Plaintiff in the final production of March 14, 2024. *Id*. ¶ 18. Pursuant to the Office of Enforcement and Removal's search, approximately 160 pages of potentially responsive records were recovered. After these records were processed, all responsive, non-exempt records were provided to Plaintiff in the final production of March 14, 2024. *Id*. ¶ 19.

Pursuant to FOIA Exemption 5, ICE withheld information pursuant to the deliberative process privilege and the attorney-client privilege. *Id*. ¶¶ 20. Pursuant to FOIA Exemption 5's deliberative process privilege, ICE withheld from disclosure—among other things—"draft documents and emails containing pre-decisional opinions of agency employees deliberating on what action the agency should take." *Id*. ¶ 21. Pursuant to FOIA Exemption 5's attorney-client privilege, ICE withheld from disclosure—among other things—"email exchanges between ICE attorneys and other ICE components where ICE attorneys provide confidential legal advice to their clients." *Id*. ¶ 22.

ICE is a law enforcement agency under the purview of the Department of Homeland Security. *Id*. ¶ 24. Plaintiff's FOIA requests sought law enforcement records. *Id*. ¶ 25. Pursuant to FOIA Exemption 7(E), ICE withheld information that identified law enforcement codes contained in screenshots of databases. *Id*. ¶ 26.

3

**STANDARDS OF REVIEW**

A.     **Motion for Summary Judgment Under Rule 56**

Under Federal Rule of Civil Procedure 56, a court will grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is "material" when it "might affect the outcome of the suit under the governing law." *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

B.     **Summary Judgment in the FOIA Context Generally**

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Ullah v. CIA*, 435 F. Supp. 3d 177, 181 (D.D.C. 2020) (internal quotation marks omitted).

An agency is entitled to summary judgment regarding its search if the agency has conducted a search "reasonably calculated to uncover all relevant documents." *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983).  "[A] search need not be perfect, only adequate, and adequacy is measured by the reasonableness of the effort in light of the specific request." *Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986). The adequacy of an agency's search does not turn on whether the requested information is found, but instead is measured by a "standard of reasonableness." *Weisberg*, 705 F.2d at 1351.  That is, the agency must show "that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

The agency must explain the "scope and method of the search" in "reasonable detail[,]" but need not provide "meticulous documentation [of] the details of an epic search." *Perry v. Block*,

4

684 F.2d 121, 127 (D.C. Cir. 1982). "At the summary judgment stage, . . . the court may rely on a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *see DeBrew v. Atwood,* No. 12-5361 (June 30, 2015).  An agency's affidavits describing its FOIA searches are afforded "substantial weight" (*see, e.g., Meeropol v. Meese*, 790 F.2d 942, 954 (D.C. Cir. 1986)) and "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'"  *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991).

Moreover, "[t]o withhold a responsive record, an agency must show both that the record falls within a FOIA exemption, 5 U.S.C. § 552(b), and that the agency 'reasonably foresees that disclosure would harm an interest protected by [the] exemption,' *id.* § 552(a)(8)(A)(i)(I)." *Machado Amadis v. Dep't of State*, 971 F.3d 364, 370 (D.C. Cir. 2020).  "The agency may carry [the burden of establishing that a claimed exemption applies] by submitting affidavits that 'describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'"  *Citizens for Resp. & Ethics in Wash. v. Dep't of Just.*, 746 F.3d 1082, 1088 (D.C. Cir. 2014).  "Agency affidavits sometimes take the form of a '*Vaughn* index,' but there is 'no fixed rule' establishing what such an affidavit must look like[.]"  *Id.* (citation omitted).

Finally, "FOIA provides that '[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt.'" *Machado Amadis*, 971 F.3d at 371 (quoting 5 U.S.C. § 552(b)).  "[The D.C. Circuit has] held that

5

district courts cannot approve withholding exempt documents 'without making an express finding on segregability.'" *Id.* "An agency may satisfy [its segregability] obligation by '(1) providing a *Vaughn* index that adequately describes each withheld document and the exemption under which it was withheld; and (2) submitting a declaration attesting that the agency released all segregable material.'" *Jud. Watch v. Dep't of Def.*, No. 19-1384 (DLF), 2021 WL 270503, at *6 (D.D.C. Jan. 27, 2021). "The segregability requirement does not apply to non-exempt material that is 'inextricably intertwined' with exempt material, and agencies are entitled to a presumption that they disclosed all reasonably segregable material[.]" *Id.* (citation omitted).

## ARGUMENT

As discussed below, the Court should grant judgment in Defendant's favor because it conducted adequate searches, properly invoked exemptions for its withholdings, and released all non-exempt responsive records.

### A. ICE Conducted an Adequate Search for Responsive Records

ICE fulfilled its obligation to search for records responsive to Plaintiff's FOIA requests. An agency is entitled to summary judgement in a FOIA case with respect to the adequacy of its search if it shows "'that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce information requested.'" *Clemente v. FBI*, 867 F.3d 111, 117 (D.C. Cir. 2017) (quoting *Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)). "An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)).

6

A search is not inadequate merely because it failed to "uncover[] every document extant." *SafeCard Servs.*, 926 F.2d at 1201; see *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) ("The adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search."); *Jud. Watch, Inc. v. Rossotti*, 285 F. Supp. 2d 17, 26 (D.D.C. 2003) ("[p]erfection is not the standard by which the reasonableness of a FOIA search is measured"). It is appropriate for an agency to search for responsive records in accordance with the manner in which its records systems are indexed. *Greenberg v. Dep't of Treasury*, 10 F. Supp. 2d 3, 13 (D.D.C. 1998). FOIA does not require that an agency search every division or field office on its own initiative in response to a FOIA request if responsive documents are likely to be located in a particular place. *Kowalczyk v. Dep't of Just.*, 73 F.3d 386, 388 (D.C. Cir. 1996); *Marks v. Dep't of Justice*, 578 F.2d 261, 263 (9th Cir. 1978). Nor does FOIA require that an agency search every record system. *Oglesby*, 920 F.2d at 68.

Where an agency affidavit attests that a reasonable search was conducted, the agency is entitled to a presumption of good faith. *Defenders of Wildlife v. Dep't of Interior*, 314 F. Supp. 2d 1, 8 (D.D.C. 2004). "To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search." *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 91 (D.D.C. 2009). Applying these principles, ICE is entitled to summary judgment with respect to the adequacy of its search.

Here, there is no material doubt that Defendant fulfilled its obligations under the FOIA and performed adequate searches for records responsive to Plaintiff's FOIA request. *See* Pineiro Decl. ¶¶ 15-35; see also *Budik v Dep't of Army*, 742 F. Supp. 2d 20, 30 (D.D.C. 2010) ("the agency must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested") (quoting *Oglesby*,

920 F.2d at 68).  The record reflects that after receipt of Plaintiff's FOIA Request, ICE employees stationed in the relevant program offices familiar with the types of records sought by Plaintiff searched the locations that were most likely to yield responsive records.  Pineiro Decl. ¶¶ 25-35.  Thus, the searches conducted were reasonable.  ICE has produced the records located pursuant to these searches that were responsive to the FOIA requests, asserting withholdings to certain records.  *Iturralde*, 315 F.3d at 315.

As such, ICE conducted a search "reasonably calculated" to locate the records responsive to Plaintiff's FOIA request.  *Truitt*, 897 F.2d at 542.  ICE "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce information requested."  *Clemente*, 867 F.3d at 117.  Accordingly, ICE is entitled to summary judgment with respect to the adequacy of its search.

### B. ICE Properly Invoked FOIA Exemptions for Their Withholdings

#### 1. Exemption 5

Exemption 5 exempts from disclosure "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5).  "Exemption 5 'incorporates the traditional privileges that the Government could assert in civil litigation against a private litigant'—including the presidential communications privilege, the attorney-client privilege, the work product privilege, and the deliberative process privilege—and excludes these privileged documents from FOIA's reach."  *Loving v. Dep't of Def.*, 550 F.3d 32, 37 (D.C. Cir. 2008).

"To fall within the [deliberative process] privilege, a document must be predecisional and deliberative."  *Machado Amadis*, 971 F.3d at 370.  "Documents are predecisional if they are generated before the adoption of an agency policy, and deliberative if they reflect the give-and-take of the consultative process."  *Id.* (internal quotation marks omitted).  The deliberative process

8

privilege "protects debate and candid consideration of alternatives within an agency, thus improving agency decisionmaking." *Id.* (internal quotation marks omitted). "The deliberative process privilege incorporated into FOIA Exemption 5 allows agencies to withhold 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" *Jud. Watch*, 2021 WL 270503 at *2.

Further, "[t]he attorney-client privilege protects confidential communications from client to attorney, and from attorney to client." *Pub. Employees for Envtl. Responsibility v. EPA*, 211 F. Supp. 3d 227, 230 (D.D.C. 2016). "Without protections for attorney-client communications, agency officials might not share information with their counsel in the first place and would consequently be deprived of sound legal advice." *Id.* "The [attorney-client] privilege applies only to '[c]onfidential disclosures by a client to an attorney made in order to obtain legal assistance,' and to an attorney's 'communication [to the client] based on confidential information provided by the client[.]'" *Id.* at 231 (citation omitted). "In this context, the 'client' is the agency and its officials." *Id.* "And those officials may be either 'high-level agency personnel' or 'lower-echelon employees.'" *Id.*

Accordingly, pursuant to Exemption 5, ICE withheld certain information, including information protected by: (1) the deliberative process privilege, *see* Pineiro Decl. ¶¶ 39-42, and (2) the attorney-client privilege. *See id.*

With regard to the deliberative process privilege, ICE withheld "draft documents and emails containing pre-decisional opinions of agency employees deliberating on what action the agency should take." *Id.* ¶ 41. With regard to the attorney-client privilege, ICE withheld "email exchanges between ICE attorneys and other ICE components where ICE attorneys provide confidential legal advice to their clients." *Id.* ¶ 42. Additional information about ICE's

9

withholdings based upon the deliberative process privilege, attorney-client privilege, and the foreseeable harm that would result from disclosure is detailed in ICE's *Vaughn* indices accompanying the Pineiro Declaration. *See generally id.*, Ex. A.

### 2. Exemption 7(E)

Under Exemption 7(E), FOIA exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). "Under [D.C. Circuit] precedents, Exemption 7(E) sets a relatively low bar for the agency to justify withholding: 'Rather than requiring a highly specific burden of showing how the law will be circumvented, exemption 7(E) only requires that the [agency] demonstrate logically how the release of the requested information might create a risk of circumvention of the law.'" *Blackwell*, 646 F.3d at 42. Exemption 7(E) "exempts from disclosure information that could increase the risks that a law will be violated or that past violators will escape legal consequences, not merely information that expressly instruct[s] [potential violators] how to break the law." *Myrick v. Johnson*, 199 F. Supp. 3d 120, 124 (D.D.C. 2016) (internal quotation marks omitted). "Exemption 7(E) is properly invoked for information and techniques that are secret and 'not generally known to the public.'" *Id.*

ICE is a law enforcement agency. Pineiro Decl. ¶ 44. Plaintiff's FOIA requests sought law enforcement records. *Id.* ¶ 45.

Pursuant to Exemption 7(E), ICE withheld information that identified law enforcement codes contained in screenshots of databases. Pineiro Decl. ¶ 47. Additional information about ICE's withholdings based upon Exemption 7(E) that would result from disclosure is detailed in

the *Vaughn* indices accompanying ICE's declaration. *See generally id.*, Ex. A. Release of the information withheld pursuant to Exemption 7(E) would hinder removal operations due to the actions of bad actors who would obtain access to confidential law enforcement sensitive information and intelligence. *Id.*; *see also* Pineiro Decl. ¶ 48. As such, the Court should conclude that Defendants appropriately withheld information under Exemption 7(E).

        **C.**      **Defendants Released All Reasonably Segregable Information**

While an agency may properly withhold records or parts of records under one or more FOIA exemptions, it "must release 'any reasonably segregable portions' of responsive records that do not contain exempt information.'" *Agrama v. IRS*, 282 F. Supp. 3d 264, 275 (D.D.C. 2017); *see* 5 U.S.C. § 552(b) (requiring "any reasonably segregable portion of a record shall be provided to [the requester] after deletion of the portions which are exempt"). Non-exempt portions of a document "must be disclosed unless they are inextricably intertwined with exempt portions." *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977). Before approving the application of a FOIA exemption, district courts must make specific findings of segregability regarding the documents to be withheld. *Summers v. Dep't of Just.*, 140 F.3d 1077, 1081 (D.C. Cir. 1998). Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material. *Boyd v. Crim. Div. of U.S. Dep't of Just.*, 475 F.3d 381, 391 (D.C. Cir. 2007).

Here, ICE carefully reviewed the responsive records on a line-by-line basis to identify reasonably segregable, non-exempt information. Pineiro Decl. ¶ 53. ICE each determined that all information withheld either was exempt from disclosure or was so intertwined with protected material that segregation was not possible without revealing the underlying protected material. *Id.* ¶ 54. ICE produced all the segregable, non-exempt information in the requested records. *Id.*

Accordingly, the Court should conclude that Defendants have satisfied their obligation to disclose any reasonably segregable information.

## CONCLUSION

For all these reasons and those in the accompanying declaration, Defendant respectfully requests that summary judgment be granted in their favor.

Dated: September 2, 2024        Respectfully submitted,
       Washington, DC

                                MATTHEW M. GRAVES, D.C. Bar #481052
                                United States Attorney

                                BRIAN P. HUDAK
                                Chief, Civil Division

                              By:     /s/*Fithawi Berhane*
                                FITHAWI BERHANE
                                Assistant United States Attorney
                                601 D Street, NW
                                Washington, DC 20530
                                (202) 252-6653
                                Fithawi.Berhane@usdoj.gov

                                *Attorneys for the United States of America*