**John Doe v. ICE**
No. 24-0617 (TKJ)

U.S. Immigration and Customs Enforcement (ICE) *Vaughn* Index

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 8/L76 | Partial | **Document Title**: Email titled "RE: A# xxx-xxx-xxx/URGENT: Unlawful disclosures & violations of federal regulations protecting confidentiality of fear-based applications;" September 14, 2023 7:07PM<br><br>**Document Description**: This is an email communication from the Deputy Chief Counsel (DCC) at ICE's Office of the Principal Legal Advisor (OPLA) Buffalo (Batavia) to ERO, Buffalo Field Office, Buffalo Federal Detention Facility employees regarding Plaintiff John Doe's (Plaintiff) detention status and the inadvertent disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold attorney-client privileged information on guidance from an OPLA attorney to their client.<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(5): The information redacted in the body of the email constitutes attorney-client privileged information because OPLA provides legal advice and counsel to their client, ERO. The DCC in this email exchange is advising client, ERO, Buffalo Field Office, Buffalo Federal Detention Facility, on the applicable detention authority for Plaintiff in response to Plaintiff's release request. The attorney-client privilege applies in this instance because it is a discussion between an attorney, the DCC, and their client (ERO) in the course of which the DCC provides his legal opinion as to the correct detention authority. The attorney-client privilege is not limited to protecting documents created in anticipation of litigation. This privilege applies to facts that are divulged to the attorney and encompasses the opinions given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure to encourage a full and frank discussion between the client and its legal advisor. If these communications, as covered by the attorney-client privilege, were disclosed, this could adversely impact the free flow of advice and information and could chill interactions and communications between agency employees and their legal counsel. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 9/L75 | Partial | **Document Title:** Email titled "RE: A# XXX-XXX-XXX/URGENT: Unlawful disclosures & violations of federal regulations protecting confidentiality of fear-based applications;" September 13, 2023 7:34AM<br><br>**Document Description**: This is an email communication from the DCC at ICE OPLA Buffalo (Batavia) to ERO, Buffalo Field Office, Buffalo Federal Detention Facility employees regarding Plaintiff's detention status and the inadvertent disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information:** Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative and attorney-client privileged information on guidance from an OPLA attorney to their client.<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(5):<br>This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the deliberative process privilege. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making. The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions. This email, sent to ERO, Buffalo Field Office from a DCC at OPLA Buffalo, includes the DCC's preliminary analysis of the correct detention authority, without coming to a final conclusion. Release of this material would serve to profoundly chill the decision-making process across ICE, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel and between agencies and ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business.<br><br>The information redacted in the body of the email constitutes attorney-client privileged information because OPLA provides legal advice and counsel to their client, ERO. The DCC in this email exchange is advising client, ERO, Buffalo Field Office, Buffalo Federal Detention Facility, on the applicable detention authority for Plaintiff in response to Plaintiff's release request and the handling of the inadvertent disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6. The attorney-client privilege applies in this instance because it is a discussion between an attorney, the DCC, and their client (ERO) in the course of which the DCC provides his legal opinion as to the correct detention authority. The attorney-client privilege is not limited to protecting documents created in anticipation of litigation. This privilege applies to facts that are divulged to the attorney and encompasses the opinions given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure to encourage a full and frank discussion between the client and its legal advisor. If these communications, as covered by the attorney-client | |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | privilege, were disclosed, this could adversely impact the free flow of advice and information and could chill interactions and communications between agency employees and their legal counsel. | |
| 10-9/L74 | Partial | **Document Title**: Email titled, "RE: A# XXX-XXX-XXX/URGENT: Unlawful disclosures & violations of federal regulations protecting confidentiality of fear-based applications;" September 11, 2023 10:12 AM<br><br>**Document Description**: This is an email communication from an ERO, Buffalo Field Office, Buffalo Federal Detention Facility employees to the DCC at ICE OPLA Buffalo (Batavia) regarding Plaintiff's detention status.<br><br>**Redacted Information**: Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative and attorney-client privileged information.<br><br>**Reason(s) for Redactions**:<br>FOIA Exemption (b)(5):<br>This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the deliberative process privilege. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making. The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions. This email, sent from ERO, Buffalo Field Office to a DCC at OPLA Buffalo, includes ERO's discussion regarding detention authority and provides its opinion on what it believes to be appropriate detention authority, without coming to a final conclusion. Release of this material would serve to profoundly chill the decision-making process across ICE, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel and between agencies and ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business.<br><br>The information redacted in the body of the email constitutes attorney-client privileged information because OPLA provides legal advice and counsel to their client, ERO.  The ERO, Buffalo Field Office, Buffalo Federal Detention Facility employee is providing information to the OPLA Buffalo | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | DCC and asking for advice on responding to Plaintiff's release request and the handling of the inadvertent disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6.  The attorney-client privilege applies in this instance because it is a discussion between an attorney, the DCC, and their client (ERO). The attorney-client privilege is not limited to protecting documents created in anticipation of litigation.  This privilege applies to facts that are divulged to the attorney and encompasses the opinions given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure to encourage a full and frank discussion between the client and its legal advisor.  If these communications, as covered by the attorney-client privilege, were disclosed, this could adversely impact the free flow of advice and information and could chill interactions and communications between agency employees and their legal counsel. | |
| 10/L73 | Partial | **Document Title:** Email titled "RE: A# xxx-xxx-xxx/URGENT: Unlawful disclosures & violations of federal regulations protecting confidentiality of fear-based applications;" September 11, 2023 8:44AM<br><br>**Document Description**: This is an email communication from the DCC at ICE OPLA Buffalo (Batavia) to ERO, Buffalo Field Office, Buffalo Federal Detention Facility employees regarding Plaintiff's detention status.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative and attorney-client privileged information on guidance from an OPLA attorney to their client.<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(5):<br>This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the deliberative process privilege. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making. The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions. This email, sent from a DCC at OPLA Buffalo to ERO, Buffalo Field Office, includes the DCC's opinions and recommendations regarding the appropriate detention authority without coming to a final conclusion. Release of this material would serve to profoundly chill the decision-making process across ICE, where it is crucial that employees are able | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel and between agencies and ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business.<br><br>The information redacted in the body of the email constitutes attorney-client privileged information because OPLA provides legal advice and counsel to their client, ERO.  The DCC in this email exchange is advising client, ERO, Buffalo Field Office, Buffalo Federal Detention Facility, on the applicable detention authority for Plaintiff in response to Plaintiff's release request.  The attorney-client privilege applies in this instance because it is a discussion between an attorney, the DCC, and their client (ERO) in the course of which the DCC provides his legal opinion as to the correct detention authority. The attorney-client privilege is not limited to protecting documents created in anticipation of litigation.  This privilege applies to facts that are divulged to the attorney and encompasses the opinions given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure to encourage a full and frank discussion between the client and its legal advisor.  If these communications, as covered by the attorney-client privilege, were disclosed, this could adversely impact the free flow of advice and information and could chill interactions and communications between agency employees and their legal counsel. | |
| 10-11/L72 | Partial | **Document Title**: Email titled "RE: A# xxx-xxx-xxx/URGENT: Unlawful disclosures & violations of federal regulations protecting confidentiality of fear-based applications;" September 10, 2023 10:07PM<br><br>**Document Description**: This is an email communication from an ERO, Buffalo Field Office, Buffalo Federal Detention Facility employees to the DCC at ICE OPLA Buffalo (Batavia) regarding Plaintiff's detention status.<br><br>**Redacted Information**: Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative and attorney-client privileged information.<br><br>**Reason(s) for Redactions**:<br>FOIA Exemption (b)(5):<br>This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | included within inter-agency or intra-agency memoranda, correspondence or letters through the deliberative process privilege. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making. The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions. This email, sent from ERO, Buffalo Field Office to a DCC at OPLA Buffalo, includes ERO's discussion regarding detention authority and provides its opinion on what it believes to be appropriate detention authority, without coming to a final conclusion. Release of this material would serve to profoundly chill the decision-making process across ICE, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel and between agencies and ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business.<br><br>The information redacted in the body of the email constitutes attorney-client privileged information because OPLA provides legal advice and counsel to their client, ERO.  The ERO, Buffalo Field Office, Buffalo Federal Detention Facility employee is providing information to the OPLA Buffalo DCC and asking for advice on responding to Plaintiff's release request and the handling of the inadvertent disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6.  The attorney-client privilege applies in this instance because it is a discussion between an attorney, the DCC, and their client (ERO). The attorney-client privilege is not limited to protecting documents created in anticipation of litigation.  This privilege applies to facts that are divulged to the attorney and encompasses the opinions given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure to encourage a full and frank discussion between the client and its legal advisor.  If these communications, as covered by the attorney-client privilege, were disclosed, this could adversely impact the free flow of advice and information and could chill interactions and communications between agency employees and their legal counsel. | |
| 11/L71 | Partial | **Document Title**: Email titled "RE: A# xxx-xxx-xxx/URGENT: Unlawful disclosures & violations of federal regulations protecting confidentiality of fear-based applications;" September 8, 2023 1:19PM<br><br>**Document Description**: Email communication. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) (b)(7)(E) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information:** On further consideration, ICE no longer claims Exemption 5 or 7(e) as to the information withheld in the body of this email and will process it for release. | |
| 12/L70 | Partial | **Document Title**: Email titled "RE: A# xxx-xxx-xxx/URGENT: Unlawful disclosures & violations of federal regulations protecting confidentiality of fear-based applications;" September 1, 2023 3:44PM<br><br>**Document Description**: This is an email communication from the DCC at ICE's OPLA Buffalo (Batavia) to ERO, Buffalo Field Office, Buffalo Federal Detention Facility employees regarding Plaintiff's detention status and the inadvertent disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold attorney client privileged information on guidance from an OPLA attorney to their client.<br><br>**On further consideration, ICE no longer claims Exemption 7(E) as to the information withheld in the body of this email.**<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(5): The information redacted in the body of the email constitutes attorney-client privileged information because OPLA provides legal advice and counsel to their client, ERO. The DCC in this email exchange is advising client, ERO, Buffalo Field Office, Buffalo Federal Detention Facility, on the status of Plaintiffs detention in light of the inadvertent disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6. The attorney-client privilege applies in this instance because it is a discussion between an attorney, the DCC, and their client (ERO) in the course of which the DCC provides his legal advice on the authority to detain Plaintiff given the inadvertent disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6. The attorney-client privilege is not limited to protecting documents created in anticipation of litigation. This privilege applies to facts that are divulged to the attorney and encompasses the opinions given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure to encourage a full and frank discussion between the client and its legal advisor. If these communications, as covered by the attorney-client privilege, were disclosed, this could adversely impact the free flow of advice and information and could chill interactions and communications between agency employees and their legal counsel. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) (b)(7)(E) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 12/L69 | Partial | **Document Title**: Email titled "RE: A# xxx-xxx-xxx/URGENT: Unlawful disclosures & violations of federal regulations protecting confidentiality of fear-based applications;" August 31, 2023 6:35PM<br><br>**Document Description**: This is an email communication from the DCC at ICE's OPLA, Buffalo (Batavia) to ERO, Buffalo Field Office, Buffalo Federal Detention Facility employees regarding Plaintiff's release request letter dated August 30, 2023.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold attorney client privileged information on guidance from an OPLA attorney to their client.<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(5): The information redacted in the body of the email constitutes attorney-client privileged information because OPLA provides legal advice and counsel to their client, ERO.  The DCC in this email exchange is providing his expert legal advice to his client, ERO, Buffalo Field Office, Buffalo Federal Detention Facility, regarding responding to Plaintiff's release request letter dated August 30, 2023.  The attorney-client privilege applies in this instance because it is a discussion between an attorney, the DCC, and their client (ERO) in the course of which the DCC provides his legal advice on responding to the release request. The attorney-client privilege is not limited to protecting documents created in anticipation of litigation. This privilege applies to facts that are divulged to the attorney and encompasses the opinions given by the attorney based upon, and thus reflecting, those facts.  Attorney-client communications are shielded from disclosure to encourage a full and frank discussion between the client and its legal advisor. If these communications, as covered by the attorney-client privilege, were disclosed, this could adversely impact the free flow of advice and information and could chill interactions and communications between agency employees and their legal counsel. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 12-13/L68 | Partial | **Document Title:** Email titled "RE: A# xxx-xxx-xxx/URGENT: Unlawful disclosures & violations of federal regulations protecting confidentiality of fear-based applications;" August 31, 2023 5:26PM<br><br>**Document Description**: This is an email communication from an employee at ERO, Buffalo Field Office, Buffalo Federal Detention Facility to the DCC at ICE OPLA Buffalo (Batavia) regarding Plaintiff's release request date August 30, 2023.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold attorney client privileged information from OPLA's client, ERO, to an OPLA attorney.<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(5):<br>The information redacted in the body of the email constitutes attorney-client privileged information because OPLA provides legal advice and counsel to their client, ERO.  The ERO, Buffalo Field Office, Buffalo Federal Detention Facility employee in this email exchange is sharing in confidence his understanding of the applicable detention authority for Plaintiff in response to Plaintiff's release request for the purpose of seeking the DCC's legal advice.  The attorney-client privilege applies in this instance because it is a discussion between an attorney, the DCC, and his client (ERO) in the course of which the DCC is being asked to provide his legal opinion as to the correct detention authority. The attorney-client privilege is not limited to protecting documents created in anticipation of litigation.  This privilege applies to facts that are divulged to the attorney and encompasses the opinions given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure to encourage a full and frank discussion between the client and its legal advisor.  If these communications, as covered by the attorney-client privilege, were disclosed, this could adversely impact the free flow of advice and information and could chill interactions and communications between agency employees and their legal counsel. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 32/L67 | Partial | **Document Title**: Emailed titled, "Unlawful Disclosure Claim (-723)" September 18, 2023 7:06PM<br><br>**Document Description**: Body of email.<br><br>**Redacted Information: On further consideration, ICE no longer claims Exemption 5 as to the information withheld in the body of this email and will process it for release.** | Freedom of Information Act 5 U.S.C. § 552 § 552 (b)(5) |
| 32-33/L66 | Partial | **Title**: Emailed titled, "Unlawful Disclosure Claim (-723)" September 12, 2023 4:31PM | Freedom of Information |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Document Description**: This is an email communication from the DCC at ICE OPLA NYC to ICE employees in ICE's OPLA Buffalo; ERO, Buffalo Field Office; and ERO, New York Field Office regarding the inadvertent disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold attorney client privileged information on guidance from an OPLA attorney to their client.<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(5): The information redacted in the body of the email constitutes attorney-client privileged information because OPLA provides legal advice and counsel to their client, ERO. The DCC in this email exchange is advising client, ERO, Buffalo Field Office and ERO, New York Field Office, as well as OPLA Buffalo, on responding to Plaintiff's communications regarding the inadvertent disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6. The attorney-client privilege applies in this instance because it is a discussion between an attorney, the DCC, and their client (ERO) in the course of which the DCC provides his legal opinion as to the inadvertent disclosure of information. The attorney-client privilege is not limited to protecting documents created in anticipation of litigation. This privilege applies to facts that are divulged to the attorney and encompasses the opinions given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure to encourage a full and frank discussion between the client and its legal advisor. If these communications, as covered by the attorney-client privilege, were disclosed, this could adversely impact the free flow of advice and information and could chill interactions and communications between agency employees and their legal counsel. | Act 5 U.S.C. § 552 § 552 (b)(5) |
| 40/L65 | Partial | **Document Title**: Email titled "RE: A# xxx-xxx-xxx/URGENT: Unlawful disclosures & violations of federal regulations protecting confidentiality of fear-based applications;" August 30, 2023 11:09:13PM<br><br>**Document Description**: This is an email communication between two employees in the ERO, New York Field Office regarding the inadvertent disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6.<br><br>**Redacted Information: On further consideration, ICE no longer claims Exemption 5 as to the information withheld in the body of this email and will process it for release.** | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 41-43/L64 | Partial | **Document Title**: Email titled "RE: A# xxx-xxx-xxx/URGENT: Unlawful disclosures & violations of federal regulations protecting confidentiality of fear-based applications;" August 9, 2023 6:43PM<br><br>**Document Description**: This is an email communication between two employees in the ERO, New York Field Office regarding the inadvertent disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6, including the attachment of a screenshot from the Enforce Alien Removal Module (EARM) database.<br><br>**Redacted Information: On further consideration, ICE no longer claims Exemption 5 as to the information withheld in the body of this email.**<br><br>A full redaction pursuant to FOIA Exemption (b)(7)(E) was made to an EARM database screenshot/attachment.<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(7)(E): The EARM database screenshot/attachment on this page was properly withheld under FOIA exemption (b)(7)(E) because the database and information contained therein is law enforcement sensitive.  The information redacted is a screenshot of the EARM database, which is a software application that supports ICE's processing and removal of aliens from the United States and used primarily as a case management tool to track the status of alien removal proceedings.  Exemption (b)(7)(E) was applied to law enforcement sensitive information, the release of which could reveal techniques and/or procedures for law enforcement investigations or prosecutions or disclose guidelines for law enforcement investigations or prosecutions which could reasonably be expected to risk circumvention of the law.  Disclosure of codes, identifiers, and other law enforcement numbers could assist third parties in deciphering the meanings of the codes and/or could enable an individual to navigate, alter, and/or manipulate law enforcement databases were they to gain access to the system. Disclosure of these techniques and practices could permit people seeking to violate or circumvent the law by taking proactive steps to counter operational and investigative actions taken by ICE during enforcement operations.   Further, how law enforcement officers access databases, conduct investigations, use systems, or allocate resources, are all law enforcement techniques and procedures that are not commonly known.  The disclosure of this information serves no public benefit and would not assist the public in understanding how the agency is carrying out its statutory responsibilities. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) (b)(7)(E) |
| 43/L63 | Partial | **Document Title**: Email titled "RE: A# xxx-xxx-xxx/URGENT: Unlawful disclosures & violations of federal regulations protecting confidentiality of fear-based applications;" August 30, 2023 6:31PM | Freedom of Information |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Document Description**: Body of email.<br><br>**Redacted Information: On further consideration, ICE no longer claims Exemption 7(E) as to the information withheld in the body of this email and will process it for release.** | Act 5 U.S.C. § 552 (b)(7)(E) |
| 43-44/L62 | Partial | **Document Title**: Email titled "RE: A# xxx-xxx-xxx/URGENT: Unlawful disclosures & violations of federal regulations protecting confidentiality of fear-based applications;" August 30, 2023 6:20PM<br><br>**Document Description**: Body of email.<br><br>**Redacted Information: On further consideration, ICE no longer claims Exemption 5 as to the information withheld in the body of this email and will process it for release.** | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 51/L61 | Partial | **Document Title**: Email titled "RE: Allegation of Unlawful Disclosure - A216-173-723 (DETAINED);" September 14, 2023 9:41AM<br><br>**Document Description**: This is an email communication from an attorney in ICE OPLA NYC to another attorney at ICE OPLA NYC regarding the recommended response to the inadvertent disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative information.<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(5): This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence, or letters through the deliberative process privilege. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making. The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions. This email, between two OPLA NYC attorneys, includes their preliminary recommendations on the response to inadvertent disclosure as well as internal discussions and legal analysis of 8 CFR § 208.6, without settling on a final course of action.  Release of this material would serve to profoundly chill the decision-making | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | process across ICE, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel and between agencies and ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business. | |
| 51-53/L60 | Partial | **Document Title**: Email titled, "RE: Allegation of Unlawful Disclosure - AXXX-XXX-XXX (DETAINED);" September 14, 2023 9:22 AM<br><br>**Document Description**: This is an email communication from a Senior Attorney at the Immigration Law and Practice Division (ILPD) at OPLA HQ to a DCC at OPLA NYC providing their legal analysis of whether the disclosure of information pertaining to Plaintiff violated 8 CFR § 208.6. The ILPD and Government Information Law Division (GILD) group inbox are included on this communication.  An ACC at ICE OPLA NYC is copied on the communication.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative and attorney-client privileged information.<br><br>**Reason(s) for Redactions**:<br>FOIA Exemption (b)(5):<br>This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the deliberative process privilege. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making. The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions. This email, sent to a DCC at OPLA from a Senior Attorney at ILPD, provides their preliminary legal analysis of whether the disclosure of Plaintiff's information was in violation of 8 CFR § 208.6. Release of this material would serve to profoundly chill the decision-making process across ICE, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel and between agencies and ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | strategies, which would adversely affect the ability to ICE to effectively conduct government business. <br><br> Additionally, the information redacted on these email communications also constitutes attorney-client privileged information because ILPD provides legal advice and counsel to the OPLA field offices, including OPLA NYC, on immigration and protection law concerns. In this email exchange, ILPD is providing their legal opinion and advice to OPLA NYC, in their capacity as advisors to the field offices, regarding their recommendations and analysis as to whether the disclosure of Plaintiff's information violated 8 CFR § 208.6. The attorney-client privilege protects confidential communications between attorneys and their clients relating to a legal matter for which the client has sought professional advice.  The attorney-client privilege is not limited to protecting documents created in anticipation of litigation. This privilege applies to facts that are divulged to the attorney and encompasses the opinions given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure to encourage a full and frank discussion between the client and its legal advisor. If these communications, as covered by the attorney-client privilege, were disclosed, this could adversely impact the free flow of advice and information and could chill interactions and communications between agency employees and their legal counsel. | |
| 53/L59 | Partial | **Document Title**: Email titled, "RE: Allegation of Unlawful Disclosure - AXXX-XXX-XXX (DETAINED);" September 14, 2023 8:52 AM <br><br> **Document Description**: This is an email communication from a Senior Attorney at ILPD at OPLA HQ to a DCC at OPLA NYC.  The ILPD and GILD group inbox are included on this communication. An ACC at ICE OPLA NYC and attorney in ILPD are copied on the communication. <br><br> **Redacted Information: Redactions pursuant to FOIA Exemption (b)(5) were not made to this record.** | n/a |
| 54-55/L58 | Partial | **Document Title**: Email titled "RE: Allegation of Unlawful Disclosure - A216-173-723 (DETAINED)" September 13, 2023 6:58PM <br><br> **Document Description**: This is an email communication from an attorney a DCC at OPLA NYC to GILD and ILPD regarding the inadvertent disclosure of Plaintiff's information and contains the attorney's legal analysis of whether the disclosure violates 8 CFR § 208.6.  A Senior Attorney in OPLA NYC is copied on the communication. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information:** Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative and attorney-client privileged information. | |

**Upon further consideration, ICE no longer claims exemption (b)(5) as to the first three paragraphs of the body of the email and will process it for release.**

**Reason(s) for Redactions:**
FOIA Exemption (b)(5): This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence, or letters through the deliberative process privilege. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making. The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions. This email, from an OPLA NYC attorney to ILPD and GILD, includes their legal analysis and preliminary conclusions about whether the inadvertent disclosure violates 8 CFR § 208.6.  Release of this material would serve to profoundly chill the decision-making process across ICE, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel and between agencies and ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business.

Additionally, the information redacted on these email communications also constitutes attorney-client privileged information because ILPD provides legal advice and counsel to the OPLA field offices, including OPLA NYC, on immigration and protection law concerns and GILD provides legal advice and counsel to OPLA field offices on information disclosure and privacy law concerns. In a portion of this email, an OPLA NYC DCC is requesting a legal analysis of 8 CFR § 208.6 and is laying out pertinent facts for ILPD and GILD. The attorney-client privilege protects confidential communications between attorneys and their clients relating to a legal matter for which the client has sought professional advice.  The attorney-client privilege is not limited to protecting documents created in anticipation of litigation. This privilege applies to facts that are divulged to the attorney and encompasses the opinions given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure to encourage a full and frank discussion

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | between the client and its legal advisor. If these communications, as covered by the attorney-client privilege, were disclosed, this could adversely impact the free flow of advice and information and could chill interactions and communications between agency employees and their legal counsel. | |
| 56-58/L57 | Partial | **Document Title**: "U.S. Department of Homeland Security Non-Opposition to Motion to Reopen and Remand Based on Inadvertent Disclosures"<br><br>**Document Description**: This is a draft motion to reopen and remand based on inadvertent disclosures.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative information.<br><br>**Upon further consideration, ICE no longer claims exemption (b)(5) as to portions of the first and last page of the draft motion.**<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(5): The information on these pages is properly withheld under FOIA Exemption (b)(5) as deliberative. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making.  The privilege serves to avoid public confusion generated by rationales or decisions not ultimately adopted by an agency and maintains the integrity of agency decision-making processes by encouraging open and candid discussions. Here, the information redacted consists of a motion that contains edits and comments by ICE OPLA attorneys. Draft documents, by their nature, are pre-decisional and preliminary versions of what may later become a final document in whole or in part. Oftentimes draft documents never evolve into a final form; material is withdrawn or discarded during the decision-making process.  It is also possible that the process by which a draft evolves into a final document, in and of itself, can be considered deliberative. Release of the draft material would serve to profoundly chill the decision-making process across ICE because it would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel, and also ensure personnel would be less inclined to produce and circulate materials for the consideration and comment of their peers. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 73/L56 | Partial | **Document Title**: Email titled, "Draft memo for GILD re disclosure issue in 216173723;" September 12, 2023 6:52PM<br><br>**Document Description**: This is an email from an OPLA NYC attorney to the OPLA NYC DCC regarding a draft memorandum to GILD.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative information.<br><br>**Upon further consideration, ICE no longer claims exemption (b)(5) as to portions of the first and last sentence of the email content.**<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(5): This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence, or letters through the deliberative process privilege. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making. The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions. This email, between OPLA NYC attorneys, includes legal analysis and interpretation of 8 CFR § 208.6.  Release of this material would serve to profoundly chill the decision-making process across ICE, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel and between agencies and ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 74-75/L55 | Full | **Document Title**: Memorandum titled, "John Doe AXXX XXX XXX; Possible disclosure in violation of 8 C.F.R. §§ 208.6, 1208.6."  September 12, 2023<br><br>**Document Description**: This is a memorandum from a Senior Attorney at OPLA NYC to GILD regarding the inadvertent disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information:** Full redactions pursuant to FOIA Exemption (b)(5) were made to withhold attorney-client privileged information.<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(5): The information redacted in the memorandum constitutes attorney-client privileged information because GILD provides legal advice and counsel to the OPLA field offices, including OPLA NYC, on privacy and information disclosure concerns.  The memorandum from the Senior Attorney provides an explanation of the facts of the disclosure of Plaintiff's information and seeks counsel from GILD on the application of 8 CFR § 208.6 to the facts.  The attorney-client privilege applies in this instance because it is a memorandum from a Senior Attorney to GILD, asking for legal counsel on an issue that GILD typically provides legal advice on.  The attorney-client privilege is not limited to protecting documents created in anticipation of litigation. This privilege applies to facts that are divulged to the attorney and encompasses the opinions given by the attorney based upon, and thus reflecting, those facts.  Attorney-client communications are shielded from disclosure to encourage a full and frank discussion between the client and its legal advisor. If these communications, as covered by the attorney-client privilege, were disclosed, this could adversely impact the free flow of advice and information and could chill interactions and communications between agency employees and their legal counsel. | |
| 76-80/L54 | Full | **Document Title**: Document titled "Joint Motion to Remand based on Disclosure Under 8 C.F.R. § 208.6"<br><br>**Document Description**: This is a joint motion to remand.<br><br>**Redacted Information: On further consideration, ICE no longer claims Exemption 5 as to the information withheld and will re-process it for release.** | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 80/L53 | Partial | **Title**: Email titled "RE: Unlawful disclosure of information regarding John Doe (xxx-xxx-xxx)'s asylum claim;" September 26, 2023 4:59 PM<br><br>**Document Description**: This is an email communication from the ICE OPLA NYC DCC to an OPLA NYC Senior Attorney regarding Plaintiff's immigration status and the inadvertent disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information:** Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative information.<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(5): This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the deliberative process privilege. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making. The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions. The series of email exchanges between OPLA attorneys here consist of the exchange of legal analysis and opinions regarding the contents of a draft clawback letter to the Nassau Supreme Court as a result of the inadvertent disclosure of Plaintiff's information in violation of 8 CFR § 208.6, during which the OPLA attorney provides his legal opinion of possible next steps. The emails contain the OPLA attorney's preliminary analysis of the court's posture and possible outcomes, without settling on a final course of action. Release of this material would serve to profoundly chill the decision-making process across ICE, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel and between agencies and ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business. | |
| 81-81/L52 | Partial | **Document Title**: Email titled "RE: Unlawful disclosure of information regarding John Doe (xxx-xxx-xxx)'s asylum claim;" September 26, 2023 3:27 PM<br><br>**Document Description**: This is an email communication from a Senior Attorney at ICE OPLA NYC to the OPLA NYC DCC regarding Plaintiff's immigration status and the inadvertent disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6.  An ACC in OPLA NYC is copied on this communication.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative information. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Reason(s) for Redactions**: FOIA Exemption (b)(5): This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the deliberative process privilege. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making. The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions. Here, the email between OPLA NYC attorneys consists of exchange of opinion regarding the consequences of a clawback letter to Nassau Supreme Court as a result of the inadvertent disclosure of Plaintiff's information in violation of 8 CFR § 208.6, during which the OPLA Senior Attorney provides his legal opinion of possible next steps. The emails contains the OPLA Senior Attorney's preliminary analysis of the court's posture and possible outcomes, without settling on a final course of action. Release of this material would serve to profoundly chill the decision-making process across ICE, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel and between agencies and ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business. | |
| 82/L51 | Partial | **Document Title**: Email titled "RE: Unlawful disclosure of information regarding John Doe (xxx-xxx-xxx)'s asylum claim;" September 25, 2023 8:55 PM

**Document Description**: This is an email communication from the at ICE OPLA NYC DCC to an OPLA NYC Senior Attorney regarding Plaintiff's immigration status and the inadvertent disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6.  An ACC in OPLA NYC is copied on this communication.

**Redacted Information:** Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative information.

**Reason(s) for Redactions:** FOIA Exemption (b)(5): This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the deliberative process privilege. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making. The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions. The series of email exchanges between OPLA attorneys here consist of exchange of legal analysis and opinions regarding the contents of a draft clawback letter to Nassau Supreme Court as a result of the inadvertent disclosure of Plaintiff's information in violation of 8 CFR § 208.6, during which the OPLA NYC DCC provides his legal opinion of possible next steps. The emails contain the OPLA NYC DCC's preliminary analysis and directions, without settling on a final course of action.  Release of this material would serve to profoundly chill the decision-making process across ICE, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel and between agencies and ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business. | |
| 83/L50 | Partial | **Document Title**: Email titled "RE: Unlawful disclosure of information regarding John Doe (xxx-xxx-xxx)'s asylum claim;" September 25, 2023 8:17 PM<br><br>**Document Description**: Body of email.<br><br>**Redacted Information: On further consideration, ICE no longer claims Exemption 5 as to the information withheld and will re-process it for release.** | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 90-91/L49 | Partial | **Document Title**: Email titled "RE: Inadvertent Disclosure of Information Pertaining to John Doe;" September 19, 2023 11:53 PM<br><br>**Document Description**: This is an email communication from a DCC at ICE OPLA NYC to the Chief Counsel at OPLA NYC regarding the disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6.<br><br>**Redacted Information**: Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative information. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Reason(s) for Redactions**:<br>FOIA Exemption (b)(5):<br>This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the deliberative process privilege. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making. The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions. This email, sent to the Chief Counsel of ICE OPLA NYC from a DCC, discusses legal strategy in relation to the inadvertent disclosure of Plaintiff's information in 8 CFR § 208.6 to the Nassau County criminal court. The DCC outlines analysis of past conversations with an Assistant District Attorney (ADA) and discusses his impressions and plans for a forthcoming conversation. The email contains the OPLA attorney's preliminary analysis, without settling on a final course of action. Additionally, the DCC discusses remedial and future internal undertakings to educate on and prevent future improper disclosure of this nature. Release of this material would serve to profoundly chill the decision-making process across ICE, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel and between agencies and ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business. | |
| 91/L48 | Partial | **Document Title**: Email titled "RE: Inadvertent Disclosure of Information Pertaining to John Doe;" September 19, 2023 12:15 PM<br><br>**Document Description**: This is an email communication from the Chief Counsel at ICE OPLA NYC to a DCC at OPLA NYC regarding the inadvertent disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative information.<br><br>**Reason(s) for Redactions**:<br>FOIA Exemption (b)(5): | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the deliberative process privilege. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making. The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions. This email, sent to the DCC from the Chief Counsel, is asking about certain aspects of the strategy and eventual legal posture to be taken in the forthcoming 11:53 p.m. email from the DCC. Additionally, the Chief Counsel expresses a need for remedial and future internal undertakings to educate on and prevent future improper disclosure of this nature, also to be elaborated on in the forthcoming email. On either topic, a final course of action is not decided. Release of this material would serve to profoundly chill the decision-making process across ICE, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel and between agencies and ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business. | |
| 94-95/L47 | Partial | **Document Title**: Email titled "(b)(7) document request in matter of John Doe, AXXX XXX XXX;" May 30, 2023 7:16 AM<br><br>**Document Description**: This is an email communication from the OPLA NYC Chief Counsel to an ADA from the Office of the District Attorney, Nassau County, regarding documents being prepared by OPLA in regard to the inadvertent disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6.<br><br>**Redacted Information**: **Redactions pursuant to FOIA Exemption (b)(5) were not made to this record.** | n/a |
| 100-101/L46 | Partial | **Document Title**: Email titled "RE: Unlawful disclosure of information regarding John Doe (XXX-XXX-XXX)'s asylum claim;" September 18, 2023, at 4:38 PM<br><br>**Document Description**: This is an email communication from the OPLA NYC DCC to the OPLA NYC Chief Counsel regarding ICE correspondence pertaining to the inadvertent disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information: On further consideration, ICE no longer claims Exemption 5 as to the information withheld and will re-process it for release.** | |
| 101/L45 | Partial | **Document Title**: Email titled "RE: Unlawful disclosure of information regarding John Doe (XXX-XXX-XXX)'s asylum claim;" September 17, 2023 10:19 PM <br><br> **Document Description**: This is an email communication between the OPLA NYC DCC and Chief Counsel regarding ICE correspondence pertaining to the inadvertent disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6. <br><br> **Redacted Information: On further consideration, ICE no longer claims Exemption 5 as to the information withheld and will re-process it for release.** | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 101-102/L44 | Partial | **Document Title**: Email titled "RE: Unlawful disclosure of information regarding John Doe (XXX-XXX-XXX)'s asylum claim;" September 17, 2023 3:29 PM <br><br> **Document Description**: This is an email communication between the OPLA NYC DCC and Chief Counsel regarding ICE correspondence pertaining to the inadvertent disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6. <br><br> **Redacted Information: On further consideration, ICE no longer claims Exemption 5 as to the information withheld and will re-process it for release.** | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 102-103/L43 | Partial | **Document Title**: Email titled "RE: Unlawful disclosure of information regarding John Doe (XXX-XXX-XXX)'s asylum claim;" September 15, 2023 5:31 PM <br><br> **Document Description**: This is an email communication from a DCC at ICE OPLA NYC to the Chief Counsel regarding the disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6 and ICE's response to the disclosure. <br><br> **Redacted Information**: Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative information. <br><br> **Reason(s) for Redactions**: <br> FOIA Exemption (b)(5): <br> This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | included within inter-agency or intra-agency memoranda, correspondence or letters through the deliberative process privilege. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making. The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions. This email, between the OPLA NYC DCC and Chief Counsel, includes the DCC's preliminary recommendations on the response to inadvertent disclosure as well as internal discussions and legal analysis of 8 CFR § 208.6, without settling on a final course of action.   Release of this material would serve to profoundly chill the decision-making process across ICE, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel and between agencies and ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business. | |
| 103/L42 | Partial | **Document Title**: Email titled "RE: Unlawful disclosure of information regarding John Doe (XXX-XXX-XXX)'s asylum claim;" September 11, 2023 6:42 PM<br><br>**Document Description**: Body of email<br><br>**Redacted Information: On further consideration, ICE no longer claims Exemption 5 as to the information withheld and will re-process it for release.** | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 124/L41 | Partial | **Document Title**: Email titled, "RE: A# xxx-xxx-xxx/URGENT: Unlawful disclosures & violations of federal regulations protecting confidentiality of fear-based applications;" September 14, 2023 7:01PM<br><br>**Document Description**: Body of email<br><br>**Redacted Information: On further consideration, ICE no longer claims Exemption 5 as to the information withheld and will re-process it for release.** | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 124-125/L40 | Partial | **Document Title**: Email titled, "RE: A# xxx-xxx-xxx/URGENT: Unlawful disclosures & violations of federal regulations protecting confidentiality of fear-based applications;" September 14, 2023 6:19PM<br><br>**Document Description**: This is an email communication from a DCC at ICE OPLA NYC to an ACC regarding the disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6 and ICE's response to the disclosure. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information**: Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative information.<br><br>**Reason(s) for Redactions**:<br>FOIA Exemption (b)(5):<br>This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the deliberative process privilege. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making. The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions. This email, between the OPLA NYC DCC and ACC, includes the DCC's preliminary recommendations on the response to inadvertent disclosure as well as internal discussions and legal analysis of 8 CFR § 208.6, without settling on a final course of action. Release of this material would serve to profoundly chill the decision-making process across ICE, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel and between agencies and ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business. | |
| 125-126/L39 | Partial | **Document Title**: Email titled, "RE: A# xxx-xxx-xxx/URGENT: Unlawful disclosures & violations of federal regulations protecting confidentiality of fear-based applications;" September 11, 2023 10:12 AM<br><br>**Document Description**: This is an email communication from a DCC at ICE OPLA NYC to the ACC regarding the disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6.<br><br>**Redacted Information**: Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative information.<br><br>**Reason(s) for Redactions**:<br>FOIA Exemption (b)(5): | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the deliberative process privilege. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making. The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions. This email, between the OPLA NYC DCC and ACC, includes the DCC's preliminary legal analysis of whether the disclosure of Plaintiff's information violates 8 CFR § 208.6, without settling on a final determination.   Release of this material would serve to profoundly chill the decision-making process across ICE, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel and between agencies and ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business. | |
| 127-128/L38 | Partial | **Document Title**: Email titled, "RE: A# xxx-xxx-xxx/URGENT: Unlawful disclosures & violations of federal regulations protecting confidentiality of fear-based applications;" September 6, 2023 12:08 PM<br><br>**Document Description**: This is an email communication from the ACC at ICE OPLA NYC to the DCC regarding the disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6.<br><br>**Redacted Information**: Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative information.<br><br>**Reason(s) for Redactions**:<br>FOIA Exemption (b)(5):<br>This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the deliberative process privilege. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | decision making. The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions. This email, between the OPLA NYC DCC and ACC, includes the DCC's preliminary legal analysis of whether the disclosure of Plaintiff's information violates 8 CFR § 208.6, without settling on a final determination.   Release of this material would serve to profoundly chill the decision-making process across ICE, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel and between agencies and ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business. | |
| 128/L37 | Partial | **Document Title**: Email titled, "RE: A# xxx-xxx-xxx/URGENT: Unlawful disclosures & violations of federal regulations protecting confidentiality of fear-based applications;" September 6, 2023 11:12 AM<br><br>**Document Description**: This is an email communication from a DCC at ICE OPLA NYC to an ACC regarding the disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6.<br><br>**Redacted Information**: Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative information.<br><br>**Reason(s) for Redactions**:<br>FOIA Exemption (b)(5):<br>This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the deliberative process privilege. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making. The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions. This email, between the OPLA NYC DCC and an ACC, is a discussion about the inadvertent disclosure and recommendations regarding next steps to determine whether the disclosure was proper or was in violation of 8 CFR § 208.6.   Release of this material would serve to profoundly chill the decision-making process across ICE, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel and between agencies and ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business. | |
| 129/L36 | Partial | **Document Title**: Email titled, "RE: A# xxx-xxx-xxx/URGENT: Unlawful disclosures & violations of federal regulations protecting confidentiality of fear-based applications;" September 5, 2023 9:37 AM<br><br>**Document Description**: Body of email<br><br>**Redacted Information: On further consideration, ICE no longer claims Exemption 5 as to the information withheld and will re-process it for release.** | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 129/L35 | Partial | **Document Title**: Email titled, "RE: A# xxx-xxx-xxx/URGENT: Unlawful disclosures & violations of federal regulations protecting confidentiality of fear-based applications;" September 1, 2023 4:11 PM<br><br>**Document Description**: Body of email<br><br>**Redacted Information: On further consideration, ICE no longer claims Exemption 5 as to the information withheld and will re-process it for release.** | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 130/L34 | Partial | **Document Title**: Email titled, "RE: A# xxx-xxx-xxx/URGENT: Unlawful disclosures & violations of federal regulations protecting confidentiality of fear-based applications;" September 1, 2023 3:39 PM<br><br>**Document Description**: This is an email communication from a DCC at OPLA Batavia to an attorney at OPLA NYC regarding the disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6.<br><br>**Redacted Information**: Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative information.<br><br>**Reason(s) for Redactions**:<br>FOIA Exemption (b)(5):<br>This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | deliberative process privilege. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making. The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions. This email, from the DCC at OPLA Buffalo (Batavia) to the attorney at OPLA NYC, recommends a response to Plaintiff's release request.  Release of this material would serve to profoundly chill the decision-making process across ICE, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel and between agencies and ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business. | |
| 130-131/L33 | Partial | **Document Title**: Email titled, "RE: A# xxx-xxx-xxx/URGENT: Unlawful disclosures & violations of federal regulations protecting confidentiality of fear-based applications;" August 31, 2023 5:27 PM<br><br>**Document Description**: Body of email<br><br>**Redacted Information: On further consideration, ICE no longer claims Exemption 5 as to the information withheld and will re-process it for release.** | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 133/L32 | Partial | **Document Title**: Email titled, "RE: A# xxx-xxx-xxx/URGENT: Unlawful disclosures & violations of federal regulations protecting confidentiality of fear-based applications;" September 14, 2023 10:59 AM<br><br>**Document Description**: Body of email<br><br>**Redacted Information: On further consideration, ICE no longer claims Exemption 5 as to the information withheld and will re-process it for release.** | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 133/L31 | Partial | **Document Title**: Email titled, "RE: A# xxx-xxx-xxx/URGENT: Unlawful disclosures & violations of federal regulations protecting confidentiality of fear-based applications;" September 14, 2023 10:57 AM<br><br>**Document Description**: Body of email | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information: On further consideration, ICE no longer claims Exemption 5 as to the information withheld and will re-process it for release.** | |
| 133/L30 | Partial | **Document Title**: Email titled, "RE: A# xxx-xxx-xxx/URGENT: Unlawful disclosures & violations of federal regulations protecting confidentiality of fear-based applications;" September 14, 2023 10:53 AM<br><br>**Document Description**: Body of email<br><br>**Redacted Information: On further consideration, ICE no longer claims Exemption 5 as to the information withheld and will re-process it for release.** | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 133/L29 | Partial | **Document Title**: Email titled, "RE: A# xxx-xxx-xxx/URGENT: Unlawful disclosures & violations of federal regulations protecting confidentiality of fear-based applications;" September 14, 2023 10:50 AM<br><br>**Document Description**: This is an email communication between three DCCs at OPLA NYC regarding the legal authorities for the detention of Plaintiff John Doe.<br><br>**Redacted Information**: Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative information.<br><br>**Reason(s) for Redactions**:<br>FOIA Exemption (b)(5):<br>This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the deliberative process privilege. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making. The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions. This email, between the DCCs at OPLA NYC, includes a DCCs opinions regarding the legal authority for detention of Plaintiff and discusses alternative arguments.  Release of this material would serve to profoundly chill the decision-making process across ICE, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel and between agencies and ensure personnel would be less | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business. | |
| 134/L28 | Partial | **Document Title**: Email titled, "RE: A# xxx-xxx-xxx/URGENT: Unlawful disclosures & violations of federal regulations protecting confidentiality of fear-based applications;" September 14, 2023 10:50 AM<br><br>**Document Description**: This is an email communication between three DCCs at OPLA NYC regarding the legal authorities for the detention of Plaintiff John Doe.<br><br>**Redacted Information**: Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative information.<br><br>**Reason(s) for Redactions**:<br>FOIA Exemption (b)(5):<br>This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the deliberative process privilege. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making. The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions. This email, between the DCCs at OPLA NYC, includes a DCCs opinions regarding the legal authority for detention of Plaintiff and discusses alternative arguments.  Release of this material would serve to profoundly chill the decision-making process across ICE, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel and between agencies and ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 134-135/L27 | Partial | **Document Title**: Email titled, "RE: A# xxx-xxx-xxx/URGENT: Unlawful disclosures & violations of federal regulations protecting confidentiality of fear-based applications;" September 14, 2023 10:03AM<br><br>**Document Description**: This is an email communication between three DCCs at OPLA NYC regarding the legal authorities for the detention of Plaintiff John Doe. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information**: Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative information.<br><br>**Reason(s) for Redactions**:<br>FOIA Exemption (b)(5):<br>This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the deliberative process privilege. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making. The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions. This email, between the DCCs at OPLA NYC, includes a DCCs opinions regarding the legal authority for detention of Plaintiff and discusses alternative arguments.  Release of this material would serve to profoundly chill the decision-making process across ICE, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel and between agencies and ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business. | |
| 135-136/L26 | Partial | **Document Title**: Email titled, "RE: A# xxx-xxx-xxx/URGENT: Unlawful disclosures & violations of federal regulations protecting confidentiality of fear-based applications;" September 13, 2023 9:42PM<br><br>**Document Description**: This is an email communication between three DCCs at OPLA NYC regarding the legal authorities for the detention of Plaintiff John Doe.<br><br>**Redacted Information**: Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative information.<br><br>**Reason(s) for Redactions**:<br>FOIA Exemption (b)(5):<br>This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | deliberative process privilege. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making. The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions. This email, between the DCCs at OPLA NYC, includes a DCCs opinions regarding the legal authority for detention of Plaintiff and discusses alternative arguments.  Release of this material would serve to profoundly chill the decision-making process across ICE, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel and between agencies and ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business. | |
| 142/L25 | Partial | **Document Title**: Email titled, "RE: Allegation of Unlawful Disclosure - AXXX-XXX-XXX (DETAINED);" October 10, 2023 4:49PM<br><br>**Document Description**: This is an email communication between three DCCs at OPLA NYC regarding the legal authorities for the detention of Plaintiff John Doe.<br><br>**Document Description**: Body of email<br><br>**Redacted Information: On further consideration, ICE no longer claims Exemption 5 as to the information withheld and will re-process it for release.** | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 142-143/L24 | Partial | **Document Title**: Email titled, "RE: Allegation of Unlawful Disclosure - AXXX-XXX-XXX (DETAINED);" October 10, 2023 4:39PM<br><br>**Document Description**: Body of email<br><br>**Redacted Information: On further consideration, ICE no longer claims Exemption 5 as to the information withheld and will re-process it for release.** | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 143-44/L23 | Partial | **Document Title**: Email titled, "RE: Allegation of Unlawful Disclosure - AXXX-XXX-XXX (DETAINED);" October 10, 2023 3:54PM<br><br>**Document Description**: Body of email | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | Redacted Information: On further consideration, ICE no longer claims Exemption 5 as to the information withheld and will re-process it for release. | |
| 144/L22 | Partial | Document Title: Email titled, "RE: Allegation of Unlawful Disclosure - AXXX-XXX-XXX (DETAINED);" September 21, 2023 8:36PM<br><br>Document Description: Body of email<br><br>Redacted Information: On further consideration, ICE no longer claims Exemption 5 as to the information withheld and will re-process it for release. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 144-145/L21 | Partial | Document Title: Email titled, "RE: Allegation of Unlawful Disclosure - AXXX-XXX-XXX (DETAINED);" September 19, 2023 3:30PM<br><br>Document Description: This is an email communication from a Senior Attorney at ILPD at OPLA HQ to a DCC at OPLA NYC regarding the response to the inadvertent disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6. Another ILPD attorney and the GILD group inbox are included on this communication.  An ACC at ICE OPLA NYC is copied on the communication.<br><br>Redacted Information: Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative and attorney-client privileged information.<br><br>Reason(s) for Redactions:<br>FOIA Exemption (b)(5):<br>This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the deliberative process privilege. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making. The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions. This email, sent to a DCC at OPLA from a Senior Attorney at ILPD, is responding to the specific questions directed towards them in this email communication as subject-matter specialist advisors at OPLA HQ. The communication concerns response option that OPLA NYC can consider taking to address the inadvertent disclosure. Release of this material would serve to profoundly chill the decision-making process across ICE, where it is crucial that employees are able to freely express their opinion regarding how best to represent the | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel and between agencies and ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business.<br><br>Additionally, the information redacted on these email communications also constitutes attorney-client privileged information because ILPD provides legal advice and counsel to the OPLA field offices, including OPLA NYC, on immigration and protection law concerns. In this email exchange, ILPD is providing their legal opinion and advice to OPLA NYC, in their capacity as advisors to the field offices, regarding the strength of the legal arguments and proper procedural next steps. The attorney-client privilege protects confidential communications between attorneys and their clients relating to a legal matter for which the client has sought professional advice.  The attorney-client privilege is not limited to protecting documents created in anticipation of litigation. This privilege applies to facts that are divulged to the attorney and encompasses the opinions given by the attorney based upon, and thus reflecting, those facts.  Attorney-client communications are shielded from disclosure to encourage a full and frank discussion between the client and its legal advisor. If these communications, as covered by the attorney-client privilege, were disclosed, this could adversely impact the free flow of advice and information and could chill interactions and communications between agency employees and their legal counsel. | |
| 145-146/L20 | Partial | **Document Title**: Email titled, "RE: Allegation of Unlawful Disclosure - AXXX-XXX-XXX (DETAINED);" September 19, 2023 1:43PM<br><br>**Document Description**: This is an email communication from the OPLA NYC DCC to attorneys at ILPD and GILD regarding the response to the inadvertent disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6. An ACC at ICE OPLA NYC is copied on the communication.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative and attorney-client privileged information.<br><br>**Reason(s) for Redactions**:<br>FOIA Exemption (b)(5): | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the deliberative process privilege. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making. The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions. This email, sent from a DCC at OPLA NYC to attorneys at ILPD and GILD, is seeking legal advice from the pertinent divisions of OPLA HQ in their capacity as subject-matter expert advisors to the field office. The question is regarding whether there are additional legal obligations that OPLA NYC may need to take as a result of the inadvertent disclosure. Release of this material would serve to profoundly chill the decision-making process across ICE, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel and between agencies and ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business.<br><br>Additionally, the information redacted on these email communications also constitutes attorney-client privileged information because ILPD provides legal advice and counsel to the OPLA field offices, including OPLA NYC, on immigration and protection law concerns and GILD provides legal advice and counsel to OPLA field offices on information disclosure and privacy law concerns. In this email, an OPLA NYC DCC is requesting advice on whether it has additional obligations and is laying out pertinent facts for ILPD and GILD. The attorney-client privilege protects confidential communications between attorneys and their clients relating to a legal matter for which the client has sought professional advice.  The attorney-client privilege is not limited to protecting documents created in anticipation of litigation. This privilege applies to facts that are divulged to the attorney and encompasses the opinions given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure to encourage a full and frank discussion between the client and its legal advisor. If these communications, as covered by the attorney-client privilege, were disclosed, this could adversely impact the free flow of advice and information and could chill interactions and communications between agency employees and their legal counsel. | |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 145-146/L19 | Partial | **Document Title**: Email titled, "RE: Allegation of Unlawful Disclosure - AXXX-XXX-XXX (DETAINED);" September 15, 2023 2:27PM<br><br>**Document Description**: Body of email<br><br>**Redacted Information: On further consideration, ICE no longer claims Exemption 5 as to the information withheld and will re-process it for release.** | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 147-149/L18 | Partial | **Document Title**: Email titled, "RE: Allegation of Unlawful Disclosure - AXXX-XXX-XXX (DETAINED);" September 14, 2023 5:03PM<br><br>**Document Description**: This is an email communication from a Senior Attorney at ILPD at OPLA HQ to a DCC at OPLA NYC regarding the legal analysis pertaining to the inadvertent disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6. Another ILPD attorney and the GILD group inbox are included on this communication.  An ACC at ICE OPLA NYC is copied on the communication.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative and attorney-client privileged information.<br><br>**Reason(s) for Redactions**:<br>FOIA Exemption (b)(5):<br>This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the deliberative process privilege. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making. The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions. This email, sent to a DCC at OPLA from a Senior Attorney at ILPD, is responding to the specific questions directed towards them in this email communication as subject-matter specialist advisors at OPLA HQ. The communication includes a legal analysis of 8 CFR § 208.6 and recommendations to OPLA NYC about responding to inadvertent disclosure. Release of this material would serve to profoundly chill the decision-making process across ICE, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | and ideas between agency personnel and between agencies and ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business.<br><br>Additionally, the information redacted on these email communications also constitutes attorney-client privileged information because ILPD provides legal advice and counsel to the OPLA field offices, including OPLA NYC, on immigration and protection law concerns. In this email exchange, ILPD is providing their legal opinion and advice to OPLA NYC, in their capacity as advisors to the field offices, regarding the strength of the legal arguments and proper procedural next steps. The attorney-client privilege protects confidential communications between attorneys and their clients relating to a legal matter for which the client has sought professional advice. The attorney-client privilege is not limited to protecting documents created in anticipation of litigation. This privilege applies to facts that are divulged to the attorney and encompasses the opinions given by the attorney based upon, and thus reflecting, those facts.  Attorney-client communications are shielded from disclosure to encourage a full and frank discussion between the client and its legal advisor. If these communications, as covered by the attorney-client privilege, were disclosed, this could adversely impact the free flow of advice and information and could chill interactions and communications between agency employees and their legal counsel. | |
| 150-151/L17 | Partial | **Document Title**: Email titled, "RE: Allegation of Unlawful Disclosure - AXXX-XXX-XXX (DETAINED);" September 14, 2023 1:20PM<br><br>**Document Description**: This is an email communication from the OPLA NYC DCC to attorneys at ILPD and GILD regarding the response to the inadvertent disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6. An ACC at ICE OPLA NYC is copied on the communication.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative and attorney-client privileged information.<br><br>**Reason(s) for Redactions**:<br>FOIA Exemption (b)(5):<br>This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the deliberative process privilege. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | decision making. The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions. This email, sent from a DCC at OPLA NYC to attorneys at ILPD and GILD, is seeking legal advice from the pertinent divisions of OPLA HQ in their capacity as subject-matter expert advisors to the field office. The DCC is asking ILPD and GILD for their legal analysis of 8 CFR § 208.6 and whether Plaintiff's information was released in violation of the statute. Release of this material would serve to profoundly chill the decision-making process across ICE, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel and between agencies and ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business.<br><br>Additionally, the information redacted on these email communications also constitutes attorney-client privileged information because ILPD provides legal advice and counsel to the OPLA field offices, including OPLA NYC, on immigration and protection law concerns and GILD provides legal advice and counsel to OPLA field offices on information disclosure and privacy law concerns. In this email, an OPLA NYC DCC is requesting a legal analysis of 8 CFR § 208.6 and is laying out pertinent facts for ILPD and GILD. The attorney-client privilege protects confidential communications between attorneys and their clients relating to a legal matter for which the client has sought professional advice.  The attorney-client privilege is not limited to protecting documents created in anticipation of litigation. This privilege applies to facts that are divulged to the attorney and encompasses the opinions given by the attorney based upon, and thus reflecting, those facts.  Attorney-client communications are shielded from disclosure to encourage a full and frank discussion between the client and its legal advisor. If these communications, as covered by the attorney-client privilege, were disclosed, this could adversely impact the free flow of advice and information and could chill interactions and communications between agency employees and their legal counsel. | |
| 152-153/L16 | Partial | **Document Title**: Email titled, "RE: Allegation of Unlawful Disclosure - AXXX-XXX-XXX (DETAINED);" September 14, 2023 9:22 AM<br><br>**Document Description**: This is an email communication from a Senior Attorney at ILPD at OPLA HQ to a DCC at OPLA NYC providing their legal analysis of whether the disclosure of information pertaining to Plaintiff violated 8 CFR § 208.6. The ILPD and GILD group inbox are included on this communication.  An ACC at ICE OPLA NYC is copied on the communication. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information:** Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative and attorney-client privileged information.<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(5):<br>This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the deliberative process privilege. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making. The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions. This email, sent to a DCC at OPLA from a Senior Attorney at ILPD, provides their preliminary legal analysis of whether the disclosure of Plaintiff's information was in violation of 8 CFR § 208.6. Release of this material would serve to profoundly chill the decision-making process across ICE, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel and between agencies and ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business.<br><br>Additionally, the information redacted on these email communications also constitutes attorney-client privileged information because ILPD provides legal advice and counsel to the OPLA field offices, including OPLA NYC, on immigration and protection law concerns. In this email exchange, ILPD is providing their legal opinion and advice to OPLA NYC, in their capacity as advisors to the field offices, regarding their recommendations and analysis as to whether the disclosure of Plaintiff's information violated 8 CFR § 208.6. The attorney-client privilege protects confidential communications between attorneys and their clients relating to a legal matter for which the client has sought professional advice. The attorney-client privilege is not limited to protecting documents created in anticipation of litigation. This privilege applies to facts that are divulged to the attorney and encompasses the opinions given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure to encourage a full and frank discussion between the client and its legal advisor. If these communications, as covered by the attorney-client | |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | privilege, were disclosed, this could adversely impact the free flow of advice and information and could chill interactions and communications between agency employees and their legal counsel. | |
| 153-153/L15 | Partial | **Document Title**: Email titled, "RE: Allegation of Unlawful Disclosure - AXXX-XXX-XXX (DETAINED);" September 14, 2023 8:52 AM<br><br>**Document Description**: This is an email communication from a Senior Attorney at ILPD at OPLA HQ to a DCC at OPLA NYC.  The ILPD and GILD group inbox are included on this communication. An ACC at ICE OPLA NYC and attorney in ILPD are copied on the communication.<br><br>**Redacted Information: Redactions pursuant to FOIA Exemption (b)(5) were not made to this record.** | n/a |
| 153-155/L14 | Partial | **Document Title**: Email titled "RE: Allegation of Unlawful Disclosure - AXXX-XXX-XXX (DETAINED)" September 13, 2023 6:58PM<br><br>**Document Description**: This is an email communication from the DCC at OPLA NYC to GILD and ILPD regarding the inadvertent disclosure of Plaintiff's information and contains the attorney's legal analysis of whether the disclosure violates 8 CFR § 208.6.  An ACC at OPLA NYC is copied on the communication.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative and attorney-client privileged information.<br><br>**Upon further consideration, ICE no longer claims exemption (b)(5) as to the first three paragraphs of the body of the email and will process it for release.**<br><br>**Reason(s) for Redactions:**<br>FOIA Exemption (b)(5): This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence, or letters through the deliberative process privilege. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making. The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions. This email, from an OPLA | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | NYC attorney to ILPD and GILD, includes their legal analysis and preliminary conclusions about whether the inadvertent disclosure violates 8 CFR § 208.6.  Release of this material would serve to profoundly chill the decision-making process across ICE, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel and between agencies and ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business.<br><br>Additionally, the information redacted on these email communications also constitutes attorney-client privileged information because ILPD provides legal advice and counsel to the OPLA field offices, including OPLA NYC, on immigration and protection law concerns and GILD provides legal advice and counsel to OPLA field offices on information disclosure and privacy law concerns. In a portion of this email, an OPLA NYC DCC is requesting a legal analysis of 8 CFR § 208.6 and is laying out pertinent facts for ILPD and GILD. The attorney-client privilege protects confidential communications between attorneys and their clients relating to a legal matter for which the client has sought professional advice.  The attorney-client privilege is not limited to protecting documents created in anticipation of litigation. This privilege applies to facts that are divulged to the attorney and encompasses the opinions given by the attorney based upon, and thus reflecting, those facts. Attorney-client communications are shielded from disclosure to encourage a full and frank discussion between the client and its legal advisor. If these communications, as covered by the attorney-client privilege, were disclosed, this could adversely impact the free flow of advice and information and could chill interactions and communications between agency employees and their legal counsel. | |
| 156/L13 | Partial | **Document Title**: Email titled "RE: Asylum disclosure clawback letter;" September 18, 2023, at 3:33 PM<br><br>**Document Description**: This is an email communication from an ACC at ICE OPLA NYC to a DCC at OPLA NYC regarding a clawback letter in response to the inadvertent disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6.<br><br>**Redacted Information:** Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative information.<br><br>**Reason(s) for Redactions:** | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | FOIA Exemption (b)(5): This Exemption protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda, correspondence or letters through the deliberative process privilege. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making. The privilege serves to maintain the integrity of agency decision-making processes by encouraging open and candid discussions. This email, sent to a DCC at OPLA NYC from an OPLA NYC ACC, is outlining edits made to a document prepared for the DCC and discussing suggested next steps, with no final decisions taken. Release of this material would serve to profoundly chill the decision-making process across ICE, where it is crucial that employees are able to freely express their opinion regarding how best to represent the agency's interests and which litigation strategy to pursue. Disclosure would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel and between agencies and ensure personnel would be less inclined to freely memorialize their thoughts regarding litigation strategies, which would adversely affect the ability to ICE to effectively conduct government business. | |
| 157/L11 | Partial | **Document Title**: Email titled "RE: Asylum disclosure clawback letter;" September 18, 2023, at 8:28 AM<br><br>**Document Description**: Body of email<br><br>**Redacted Information: On further consideration, ICE no longer claims Exemption 5 as to the information withheld and will re-process it for release.** | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 157-158/L10 | Partial | **Document Title**: Email titled "FW: Asylum disclosure clawback letter;" September 15, 2023, at 5:37 PM<br><br>**Document Description**: Body of email<br><br>**Redacted Information: On further consideration, ICE no longer claims Exemption 5 as to the information withheld and will re-process it for release.** | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 158-159/L9 | Partial | **Document Title**: Email titled, "FW: Asylum disclosure clawback letter;" September 15, 2023 10:21 PM<br><br>**Document Description**: Body of email | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information: On further consideration, ICE no longer claims Exemption 5 as to the information withheld and will re-process it for release.** | |
| 162-163/L8 | Partial | **Document Title**: Document titled, "216173732 208.6 ltr to RA.doc.PDF." <br><br> **Document Description**: This is a draft notification letter sent from a Senior Attorney in OPLA NYC to the DCC at OPLA NYC that notifies the Brooklyn Defender Services of the inadvertent disclosure of information pertaining to Plaintiff in violation of 8 CFR § 208.6. <br><br> **Redacted Information**: Partial redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative information. <br><br> **Reason(s) for Redactions:** <br> FOIA Exemption (b)(5): The information on these pages is properly withheld under FOIA Exemption (b)(5) as deliberative. The deliberative process privilege protects the internal deliberations of the government by exempting recommendations, analyses, and discussions undertaken to aid agency decision making.  The privilege serves to avoid public confusion generated by rationales or decisions not ultimately adopted by an agency and maintains the integrity of agency decision-making processes by encouraging open and candid discussions. Here, the information redacted consists of a draft notification letter that the Senior Attorney is sharing with the DCC of OPLA NYC. Draft documents, by their nature, are pre-decisional and preliminary versions of what may later become a final document in whole or in part.  Oftentimes draft documents never evolve into a final form; material is withdrawn or discarded during the decision-making process.  It is also possible that the process by which a draft evolves into a final document, in and of itself, can be considered deliberative. Release of the draft material would serve to profoundly chill the decision-making process across ICE because it would discourage the expression of candid opinions and inhibit the free and frank exchange of information and ideas between agency personnel, and also ensure personnel would be less inclined to produce and circulate materials for the consideration and comment of their peers. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 164/L7 | Partial | **Document Title**: Email titled, "RE: Unlawful disclosure of information regarding John Doe (XXX-XXX-XXX)'s asylum claim;" October 10, 2023 3:49 PM <br><br> **Document Description**: Body of email <br><br> **Redacted Information: On further consideration, ICE no longer claims Exemption 5 as to the information withheld and will re-process it for release.** | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| 165/L6 | Partial | **Document Title**: Email titled, "RE: Unlawful disclosure of information regarding John Doe (XXX-XXX-XXX)'s asylum claim;" October 10, 2023 3:47 PM<br><br>**Document Description**: Body of email<br><br>**Redacted Information: On further consideration, ICE no longer claims Exemption 5 as to the information withheld and will re-process it for release.** | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 195-196/L5 | Full | **Document Title**: Document titled, "Clawback Letter. D. Rashid.PDF," December 12, 2022.<br><br>**Document Description**: Clawback letter<br><br>**Redacted Information: On further consideration, ICE no longer claims Exemption 5 as to the information withheld and will re-process it for release.** | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 197-198/L4 | Full | **Document Title**: Document titled, "SP_Notification Letter to Attorneys - Clients Not.PDF," Undated.<br><br>**Document Description**: Clawback letter<br><br>**Redacted Information: On further consideration, ICE no longer claims Exemption 5 as to the information withheld and will re-process it for release** | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 201-240/L3 | Full | **Document Title**: Document titled, "Sample Notification Letter.PDF[1]".<br><br>**Document Description**: This is a collection of sample letters regarding notifications of the inadvertent disclosure of an individual's information in violation of a confidentiality obligation.<br><br>**Redacted Information**: Full redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative information.<br><br>**On further consideration, ICE no longer claims Exemption 5 as to the information withheld in these letters.  However, these records are withheld pursuant to (b)(6) and (b)(7)(C).** | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |
| 241-280/L2 | Full | **Document Title**: Document titled, "Sample Notification Letter.PDF".<br><br>**Document Description**: This is a collection of sample letters regarding notifications of the inadvertent disclosure of an individual's information in violation of a confidentiality obligation. | Freedom of Information Act 5 U.S.C. § 552 (b)(5) |

| Bates Stamp Page # | Withholding: Full/Partial | Description of Records and Redactions, and Reasons for Redactions | Exemption(s) Applied |
|---|---|---|---|
| | | **Redacted Information**: Full redactions pursuant to FOIA Exemption (b)(5) were made to withhold deliberative information.<br><br>**On further consideration, ICE no longer claims Exemption 5 as to the information withheld in these letters.  However, these records are withheld pursuant to (b)(6) and (b)(7)(C).** | |