The following list contains the entire submission submitted 10/12/2023 and is formatted for ease of viewing and printing.

## Contact information

| | |
|---|---|
| First name: | Michelle |
| Last name: | Doherty |
| Address: | 156 Pierrepont Street |
| City: | Brooklyn |
| State: | New York |
| Postal Code: | 11201 |
| Country: | United States of America (USA) |
| Phone: | |
| Organization: | |
| Email: | mdoherty@bds.org |

## Request information

Request ID: 2024-ICFO-01546
Request description: [Please see attached letter detailing the request and the supporting documentation]
This is a request for records pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 522(a)(3) on behalf of Mr. Baldev Singh (A216-173-723). In accordance with 5 U.S.C. § 552, we expect a response to this request within 20 working days, unless otherwise permitted by statute.

In support of this FOIA request, I have attached a G-28 and a signed Form G-639. Exs. A-B.

Background on Records Request
On or about May 30, 2023, Immigration and Customs Enforcement ("ICE") unlawfully disclosed Mr. Singh's personally identifiable information ("PII"), and information related to his removal proceedings (where he applied for asylum withholding of removal and protection under the Convention Against Torture), to the Nassau County District Attorney's Office. Exh. C (ICE letter admitting unlawful disclosure). Specifically, ICE disclosed an unredacted copy of the Immigration Judge's written decision, dated February 6, 2023, contrary to ICE's confidentiality obligations under 8 C.F.R. § 208.6 (discussing asylum and protection-related confidentiality). Id. Only after Mr. Singh's counsel learned of ICE's unlawful sharing of the decision that should have been confidential, and alerted ICE to the violation of federal regulation, did ICE decide to report the violation within their Office of Professional Responsibility. Id.

The impermissible choice to share the 22-page (single-spaced) decision addressing Mr. Singh's fear-based claims is a serious violation of his rights and places him and his family members at risk of increased harm in India. Although ICE requested that the Nassau County District Attorney's Office destroy the protected documents, this request is insufficient to remedy the violation. See Exh. C. The Nassau County District Attorney's Office has already filed the immigration judge's decision with the Nassau County Criminal Court, as part of a public court file, in further violation of Mr. Singh's rights under federal regulation. See Exs. C, F. Any member of the public can request a copy of a decision in what was supposed to be confidential. Exh. F (paralegal affidavit documenting that any member of the public can

request a copy of the criminal court file that now contains the decision regarding Mr. Singh's fear-based claims).

The disclosure by ICE in Mr. Singh's case is also particularly concerning given that the agency was recently forced to admit to also disclosing PII of around 6,000 noncitizens on its own website. See ICE, Unintentional Disclosures of Personally Identifiable Information on November 28 and December 7, 2022 (June 20, 2023), available at http://www.ice.gov/pii; see also Hamed Aleziz. "ICE releases thousands of migrants affected by data breach," Los Angeles Times (Jan. 19, 2023), available at https://www.latimes.com/world-nation/story/2023-01-19/ice-leak-personal-information-immigrants-asylum.

Further, Mr. Singh remains in ICE custody at Buffalo Federal Detention Center in Batavia, New York and his removal proceedings are currently pending before the Board of Immigration Appeals ("BIA"). Exh. E. His appeal has been fully briefed since July 28, 2023. Through counsel, Mr. Singh and ICE have worked to recently file a joint motion with the BIA, asking for proceedings to be remanded due to the unlawful disclosure under 8 C.F.R. § 208.6. Exh. D (copy of Joint Motion to Remand).

Specific Records Requested
Given these facts, we asked that ICE produce all physical and electronic records pertaining to Mr. Singh, including but not limited to all non-A File records in ICE's possession regarding or related to:

Any and all notations or documentation within DHS/ICE systems or in possession of DHS/ICE, regarding disclosures under 5 USC § 552a(b)(7) to third parties regarding Mr. Singh's I-589 application, decisions by the Immigration Judge, and BIA appeals. Dates for these communications may range from April 2022 – present;

Any and all email communications (and attachments) between DHS/ICE and third parties regarding Mr. Singh's I-589 application, decisions by the Immigration Judge, and BIA appeals. Dates for these communications may range from 2021-2023;

Any and all email communications (and attachments) between DHS/ICE and the Nassau County District Attorney's Office regarding Mr. Singh's I-589 application, testimony and filings (including briefing and evidence) pertaining to this application, Immigration Judge decisions, appeals with Board of Immigration Appeals. Dates for these communications may range from 2021-2023;

Any and all direct email communications (and attachments) regarding Mr. Singh or his relatives, between DHS and members of the Indian government or Indian government agencies or, indirect email communications (and attachments) between DHS and members of the Indian government or Indian government agencies through a third party (for instance, the Department of State). Dates for these communications may range from 2021-2023;

Communications between ICE employees, between ICE and employees at the Buffalo Federal Detention Center in Batavia, New York, and between ICE and other third parties relating to:

The purposeful or inadvertent public sharing of Mr. Singh's PII (including but not limited to information or documents related to his fear-based claims) on or about May 30, 2023 and/or on any other date from January 2023 – present;

Communications between ICE employees, between ICE and employees at the Orange County Jail, in Goshen, New York, and between ICE and other third parties relating to:

The purposeful or inadvertent public sharing of Mr. Singh's PII (including but not limited to information or documents related to his fear-based claims) on or about May 30, 2023 and/or on any other date from September 2021 – present;

Any investigation by ICE or any other component under the Department of Homeland Security ("DHS") into the purposeful or inadvertent public release of Mr. Singh's PII (including but not limited to information or documents related to his fear-based claims), whether purposefully or inadvertently, on or about May 30, 2023 and/or on any other date;

The number and identity of all third parties that accessed, downloaded, or in any manner were involved in the sharing Mr. Singh's PII and information related to his fear-based claims, whether shared by ICE purposefully or inadvertently;

The number and identity of individuals at the Nassau County District Attorney's Office to whom ICE sent a request to destroy, refrain from using or disclosing Mr. Singh's protected information. See Exh. C (letter from ICE to Nassau County)

The number and identity of any other individuals/entities to whom ICE has sent "clawback letters" as described on the ICE website. See http://www.ice.gov/pii.

Any non-exempt written drafts and/or final conclusions, legal or otherwise, by ICE as to:
How its data breach(es) occurred;
Whether and if so, how it compromised Mr. Singh's right to privacy and/or right to confidentiality pursuant to 8 C.F.R. § 208.6;
Any duty, obligation and/or efforts by ICE to remedy its breach of Mr. Singh's right to privacy and/or right to confidentiality under 8 C.F.R. § 208.6.

To the extent that Ms. Singh has not identified a specific record that ICE has in its possession and that is responsive to Mr. Singh's request, ICE must liberally construe this reasonably described request as part of its obligation to produce all responsive records. See Truitt v. Department of State, 897 F.2d 540, 544-45 (D.C. Cir. 1990).

Please note that we do not seek records in Mr. Singh's A-File as we have previously filed a separate request for those records with U.S Citizenship and Immigration Service ("USCIS").

## Supporting documentation

- Certificate of ID
    · Certification of ID, G28 and Release - S
      ingh.pdf
- Expedition Request Documentation
    · Expedited Request - Singh.pdf
- General Documentation
    · L ICE FOIA - Singh.pdf

## Fees related information

Request category ID:         Commercial
Fee Waiver:                  Yes
Explanation:                 Mr. Singh is detained and in removal proceedings. He has been detained since September 2021 and has not been able to earn an income since that date. Due to his lack of economic resources, he is being represented by pro bono counsel.
Willing to pay:              $20.00

## Expedited processing

Expedited Processing:              Yes
Explanation:                       [Please see attached letter and supporting documentation]
Request to Expedite

Mr. Singh's request meets the criteria for expedited treatment. See 5 U.S.C. § 552(a)(6)(E)(i); 6 C.F.R. § 5.5(e). A request qualifies for expedited treatment if it involves one of the following criteria:

(i) Circumstances in which the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; (ii) An urgency to inform the public about an actual or alleged federal government activity, if made by a person who is primary engaged in disseminating information; (iii) The loss of substantial due process rights; or (iv) A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence. 6 C.F.R. § 5.5(e)(1)(i)-(iv).

Here, Mr. Singh can demonstrate that this request meets at least two of the criteria for expedited processing: first, a lack of expedited processing under the facts of his case poses an "imminent threat" to his life and physical safety, and second, absent expedited process, Mr. Singh faces "the loss of substantial due process rights."

As Mr. Singh has noted above, he is currently in removal proceedings and his case is presently on appeal before the BIA. Exs. D-E. However, given the recent filing of the joint motion to remand (as described above), it is likely that Mr. Singh's case will be remanded to the Immigration Court, where the parties will address the impact of the unlawful ICE disclosure on Mr. Singh's claim to asylum (among other issues). See Exh. D. At that time, Mr. Singh intends to present a supplemental claim for protection under asylum/withholding of removal under the INA/protection under the Convention against Torture ("CAT") given the unlawful ICE disclosure.

Specifically, Mr. Singh fears persecution and torture in India by members of the government. Members of the Indian government officials have already targeted many in Mr. Singh's family, including his father and his brother. Details surrounding his claims were discussed in the 22-page decision that ICE impermissibly shared, a decision that is now part of a public record in Nassau County, New York.

Mr. Singh fears that individual and entities have an interest in and the ability to access the decision in his case and he cannot properly articulate the factual basis for his claim related to and/or arising out of the ICE violations of the regulation without knowing the full extent of the specific PII and asylum-related information was disclosed and who it was disclosed to. Thus, ICE's breach of Mr. Singh's PII and rights under the regulations and how it was accessed by other parties can constitute evidence or dispositive information related to the risk

of persecution/torture that Mr. Singh faces in India, including the likelihood of his future harm, an element he must prove when his case is remanded to the Immigration Court. Additionally, Mr. Singh lacks full access to the complete extent of factual evidence in the government's possession that is relevant in demonstrating the likelihood his persecutors/torturers may have accessed (or could access) the PII and asylum-related information that was shared. This information is essential to the full and fair adjudication of Mr. Singh's claim.

Finally, information regarding ICE's breach of privacy and/or confidentiality in Mr. Singh's case raises due process concerns and, as such, an obligation by the U.S. government has arisen to provide all relevant information to him. See e.g. Anim v. Mukasey, 535 F.3d 243, 255-56 (4th Cir. 2008). Mr. Singh thus urges that ICE must release all records implicating his due process matters in an expeditious matter.