*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., NW
Washington, D.C. 20536



03/14/2024

Michelle Doherty
Brooklyn Defender Services
156 Pierrepont Street
Brooklyn, New York 11201

RE:   ICE FOIA Case Number 2024-ICFO-01546

Dear Requester:

This letter is the final response to your Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), dated 10/12/2023. You have requested records related to disclosures under 5 USC 552a(b)(7) to third parties of Mr. Baldev Singh, regarding immigration related applications and proceedings. ICE has considered your request under the FOIA, 5 U.S.C. § 552.

A search of the ICE office(s) of Enforcement and Removal Operations (ERO), Office of the Chief Information Officer (OCIO), Office of Professional Responsibility (OPR), and Office of the Principal Legal Advisor (OPLA), produced records responsive to your request. Documents were reviewed under the FOIA, U.S.C. 552.

1,613 pages were reviewed, and 294 pages are being released pursuant to Exemptions 5,6,7C, and 7E of the FOIA as described below; duplicate copies of the same document were not processed. FOIA Exemption 5 protects from disclosure those inter- or intra-agency documents that are normally privileged in the civil discovery context.  The three most frequently invoked privileges are the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege.  After carefully reviewing the responsive documents, I have determined that portions of the responsive documents qualify for protection under the deliberative process privilege, the attorney-client privilege, and the attorney work-product privilege.  The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel.  The attorney work-product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation.  The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought

professional advice.  It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information.  The attorney-client privilege is not limited to the context of litigation.

FOIA Exemption 6 exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy.  The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

FOIA Exemption 7(C) protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.  As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information.  Please note that any private interest you may have in that information does not factor into this determination.

FOIA Exemption 7(E) protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.  I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law.  Additionally, the techniques and procedures at issue are not well known to the public.

Your request for expedited processing has been approved.

This material is being provided to you at no charge.

You have a right to appeal the above withholding determination.  Should you wish to do so, you must send your appeal and a copy of this letter, within 90 days of the date of this letter following the procedures outlined in the DHS FOIA regulations at 6 C.F.R. Part 5 § 5.8. You may submit your appeal electronically at GILDFOIAAppeals@ice.dhs.gov or via regular mail to:

       U.S. Immigration and Customs Enforcement
       Office of the Principal Legal Advisor
       U.S. Department of Homeland Security
       500 12th Street, S.W., Mail Stop 5900
       Washington, D.C. 20536-5900

Your envelope and letter should be marked "FOIA Appeal." Copies of the FOIA and DHS regulations are available at www.dhs.gov/foia.

Provisions of FOIA allow DHS to charge for processing fees, up to $25, unless you seek a waiver of fees. In this instance, because the cost is below the $25 minimum, there is no charge.

If you have any questions please contact FOIA Public Liaison Daniel Edgington at (866) 633-1182 or 500 12th St., SW Stop 5009 Washington, DC 20536-5009. Additionally, you have a right to right to seek dispute resolution services from the Office of Government Information Services (OGIS) which mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. You may contact OGIS as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448.

Sincerely,

Aaron Murray
Supervisory Paralegal Specialist

Enclosure(s):  294 pages