UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE,

        Plaintiff,

    v.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT,

        Defendant.

Civil Action No. 24-0617 (TJK)

**COMBINED REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
<u>CROSS-MOTION FOR SUMMARY JUDGMENT</u>**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ......................................................................................................... i

TABLE OF AUTHORITIES .................................................................................................. ii

INTRODUCTION ...............................................................................................................1

ARGUMENT.......................................................................................................................1

   I.  Defendant Appropriately Withheld Information Pursuant to Exemption 5.........................1

    A.  Defendant Has Shown That the Records Withheld Under Exemption 5 Are Connected to a Decision-Making Process Under the Deliberative Process Privilege...................................2

    B.  Defendant Has Shown That the Records Were Properly Withheld Under Exemption 5's Attorney-Client Privilege.....................................................................................................4

    C.  Defendant Has Adequately Demonstrated Foreseeable Harm in Support of Its Exemption 5 Withholdings. ..............................................................................................................5

   II. Defendant Performed an Adequate Segregability Analysis...............................................6

CONCLUSION...................................................................................................................7

## TABLE OF AUTHORITIES

*Abtew v. Dep't of Homeland Sec.*,
  808 F.3d 895 (D.C. Cir. 2015)...................................................................2

*Arab Am. Inst. v. Off. of Mgmt. & Budget*,
  Civ. A. No. 18-0871, 2020 WL 4698098 (D.D.C. Aug. 13, 2020)............................2

*Coastal States Gas Corp. v. Dep't of Energy*,
  617 F.2d 854 (D.C. Cir. 1980)...................................................................2

*Comm. for Freedom of the Press v. FBI*,
  3 F.4th 350 (D.C. Cir. 2021)....................................................................5

*Frontier Found. v. Dep't of Just.*,
  739 F.3d 1 (D.C. Cir. 2014)..................................................................3, 4

*Horowitz v. Peace Corps*,
  428 F.3d 271 (D.C. Cir. 2005)...................................................................3

*Machado Amadis v. Dep't of State*,
  971 F.3d 364 (D.C. Cir. 2020)...................................................................2

*Nat'l Immigr. Project of Nat'l Lawyers Guild v. ICE*, Civ. A.,
  No. 17-2448 (APM), 2020 WL 5798429 (D.D.C. Sept. 29, 2020)..........................6

*Petroleum Info. Corp. v. Dep't of Interior*,
  976 F.2d 1429 (D.C. Cir. 1992)..................................................................2

*Pub. Emps. for Env't Resp. v. EPA*,
  211 F. Supp. 3d 227 (D.D.C. 2016) ...........................................................4

*Quarles v. Dep't of Navy*,
  893 F.2d 390 (D.C. Cir. 1990)...................................................................3

*Renegotiation Bd. v. Grumman Aircraft*,
   421 U.S. 168 (1975) .................................................................................................2

*Rosenberg v. Dep't of,*
   *Def.*, 442 F. Supp. 3d 240 (D.D.C., 2020) ................................................................5

*SafeCard Servs., Inc. v. SEC*,
   692 F.2d 1197 (D.C. Cir. 1991) ................................................................................4

*Wright v. Dep't of Just.*,
   121 F. Supp. 3d 171 (D.D.C. 2015) ..........................................................................6

Statutes

5 U.S.C. § 552(b)(5) .........................................................................................................1, 2

Defendant U.S. Immigration and Customs Enforcement ("ICE" or "Defendant") respectfully submits this reply in further support of its motion for summary judgment (ECF No. 18, "Motion") and in opposition to Plaintiff John Doe's cross-motion for summary judgment (ECF No. 19, "Cross-Motion").

## INTRODUCTION

In its Motion, ICE demonstrated that it performed an adequate search for responsive records, properly redacted the information withheld under Exemption 5 to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(b)(5), and released all properly segregable information responsive to Plaintiff's FOIA request. In his Cross-Motion, Plaintiff disputes the adequacy of the search because of Defendant's previous refusal to conduct a search of the Government Information Law Division. *Id*. at 12-13. Defendant, however, has now conducted a search of the Government Information Law Division, thereby mooting any dispute over the adequacy of the search for records responsive to Plaintiff's FOIA request. *See* Supplemental Declaration of Fernando Pineiro ("Pineiro Supp. Decl.") ¶¶ 6-8. Yet, Plaintiff continues to challenge the propriety of Defendant's withholdings under Exemption 5 and the adequacy of its segregability analysis. Pl.'s Cross-Mot. at 14-28. But, for the reasons provided in Defendant's Motion and below, the Court should grant summary judgment to Defendant.

## ARGUMENT

### I. **Defendant Appropriately Withheld Information Pursuant to Exemption 5.**

Plaintiff contends that the information Defendant has withheld pursuant to Exemption 5's deliberative process privilege is neither pre-decisional nor deliberative, and therefore should be disclosed. Pl.'s Cross-Mot. at 22–26. Further, Plaintiff asserts that Defendant has improperly withheld information under Exemption 5's attorney-client privilege. Plaintiff also argues that Defendant has failed to establish any foreseeable harm that would ensue because of disclosure,

and therefore the aforesaid information, whether withheld under the deliberative process privilege or the attorney-client privilege, should be disclosed. Plaintiff is entirely incorrect when it claims that Exemption 5 privileges do not apply to Defendant's withholdings. *Id*.

A.   **Defendant Has Shown That the Records Withheld Under Exemption 5 Are Connected to a Decision-Making Process Under the Deliberative Process Privilege.**

As an initial matter, for agency information to be properly withheld pursuant to the deliberative process privilege, it must be both pre-decisional and deliberative. *Abtew v. Dep't of Homeland Sec.*, 808 F.3d 895, 898 (D.C. Cir. 2015) (citing *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980)). Withholdings under the deliberative process are deliberative if they reflect the give-and-take of the consultative process. *Machado Amadis v. Dep't of State*, 971 F.3d 364, 370 (D.C. Cir. 2020) (internal quotation marks omitted). Moreover, a document will be regarded as pre-decisional "if it precedes, in temporal sequence, the 'decision' to which it relates," *Abtew*, 808 F.3d at 898. (citation omitted), or if it was "'prepared in order to assist an agency decisionmaker in arriving at his decision,' rather than to support a decision already made," *Petroleum Info. Corp. v. Dep't of Interior*, 976 F.2d 1429, 1434 (D.C. Cir. 1992) (quoting *Renegotiation Bd. v. Grumman Aircraft*, 421 U.S. 168, 184 (1975)). Moreover, withholdings under the deliberative process privilege are pre-decisional if they pertain to internal agency communications regarding proposed policy recommendations. *See Coastal States*, 617 F.2d at 854 (holding that "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency" are pre-decisional); *see also Arab Am. Inst. v. Off. of Mgmt. & Budget*, Civ. A. No. 18-0871, 2020 WL 4698098, at *6–7 (D.D.C. Aug. 13, 2020) (holding same).

Additionally, it is well-established that agencies are permitted to withhold purely factual information contained in draft documents if such factual information is sufficiently integrated with

the deliberative material subject to Exemption 5 withholding. *Frontier Found. v. Dep't of Just.*, 739 F.3d 1, 13 (D.C. Cir. 2014) (finding that "context matters," and here entire document, including factual material, "'reflects the full and frank exchange of ideas'" so that factual portions "'could not be released without harming the deliberative processes of the government'" (citation omitted)); *Quarles v. Dep't of Navy*, 893 F.2d 390, 392-93 (D.C. Cir. 1990) (withholding factual material because it would expose agency's decision-making process and chill future deliberations); *Horowitz v. Peace Corps*, 428 F.3d 271, 277 (D.C. Cir. 2005) (protecting requested document where the decisionmaker's "thought processes are woven into document to such an extent" that any attempt at segregating out information would reveal agency deliberations).

Here, Plaintiff's basic contention is that Defendant improperly withheld information under the deliberative process privilege because Defendant purportedly "failed to meet its burden because it has not identified a decision associated with the records it seeks to withhold." Pl.'s Cross-Mot. at 15. However, this is inaccurate. As demonstrated in the Supplemental Pineiro Declaration, the information redacted under the deliberative process privilege is both pre-decisional and deliberative in nature, consisting of e-mail records containing advice, recommendations, and conclusions that ultimately informed Defendant's determinations and decisions. Pineiro Supp. Decl. ¶ 10. Moreover, despite Plaintiff's conclusory contention that Defendant has not adequately described the nature of the aforesaid determinations and decisions, *see* Pl.'s Cross-Mot. at 14-17, Defendant has provided such information in the *Vaughn* Index simultaneously filed with its Motion. *See generally Vaughn* Index (ECF No. 18-4). Accordingly, Defendant's Exemption 5 withholdings sufficiently relate to the pre-decisional process and evidence deliberative discussions that qualify for redaction under the deliberative process privilege.

**B.** **Defendant Has Shown That the Records Were Properly Withheld Under Exemption 5's Attorney-Client Privilege.**

"The attorney-client privilege protects confidential communications from client to attorney, and from attorney to client." *Pub. Emps. for Env't Resp. v. EPA*, 211 F. Supp. 3d 227, 230 (D.D.C. 2016). "Without protections for attorney-client communications, agency officials might not share information with their counsel in the first place and would consequently be deprived of sound legal advice." *Id.* "The [attorney-client] privilege applies only to '[c]onfidential disclosures by a client to an attorney made in order to obtain legal assistance,' and to an attorney's 'communication [to the client] based on confidential information provided by the client[.]'" *Id.* at 231 (citation omitted). "In this context, the 'client' is the agency and its officials." *Id.* "And those officials may be either 'high-level agency personnel' or 'lower-echelon employees.'" *Id.*

Here, Plaintiff argues that Defendant has improperly redacted information under Exemption 5's attorney-client privilege, because the withheld information has supposedly already been released to Plaintiff's counsel. Pl.'s Cross-Mot. at 18. Plaintiff also argues Defendant has withheld information that exclusively consists of formulaic recitations of applicable law, as opposed to any information that can qualify as exempt under the attorney-client privilege. *Id.* at 19. But as an initial matter, it is notable that Plaintiff's Cross-Motion provides no facts or evidence in support of the aforesaid arguments, *see generally id.*, and Defendant's declarations—which are entitled to "a presumption of good faith" under the law, *SafeCard Servs., Inc. v. SEC*, 692 F.2d 1197, 1200 (D.C. Cir. 1991)—confirm that the withheld information consists of "confidential legal advice" and that "the confidential communications withheld under the attorney-client privilege have not been disclosed to any third-party." Pineiro Decl. (ECF No. 18-3) ¶ 42; *see also* Pineiro Supp. Decl. ¶ 12. Accordingly, Defendant's Exemption 5 withholdings qualify for redaction under the attorney-client privilege.

**C.      Defendant Has Adequately Demonstrated Foreseeable Harm in Support of Its Exemption 5 Withholdings.**

Finally, contrary to Plaintiff's representations, disclosure of the information under Exemption 5 would indeed result in foreseeable harm and ICE has provided sufficient details of the withheld information and specified the harms that would result if the information was released. Pineiro Supp. Decl. ¶¶ 13-16. Invariably, "[t]he degree of detail necessary to substantiate a claim of foreseeable harm is context-specific." *Rosenberg v. Dep't of Def.*, 442 F. Supp. 3d 240 (D.D.C., 2020). And in this case, Defendant has carried its burden under the deliberative process privilege and attorney-client privilege because it has provided "a focused and concrete demonstration of why disclosure of the particular type of material at issue will, in the specific context of the agency action at issue, actually impede those same agency deliberations going forward." *Reps. Comm. for Freedom of the Press v. FBI*, 3 F.4th 350, 370 (D.C. Cir. 2021); Pineiro Supp. Decl. ¶¶ 62–71.

As explained in the Supplemental Pineiro Declaration, release of the withheld information would, among other things, undermine "the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency documents[,]" *see id.* ¶ 16; "harm the expression of candid opinions and the free and frank exchange of information among agency personnel, which would result in a chilling effect on intra- and inter-agency communications[,]" *see id.*; and "cause harm . . . because the public could potentially become confused regarding ICE's mission and law enforcement activities. *See id.* While Plaintiff is entitled to be dissatisfied with Defendant's explanations, "[g]iven the preliminary nature of the [withheld information], the chilling effect of public disclosure is in some sense self-evident, and it is difficult to see how ICE could have provided any additional explanation as to how disclosure of the draft will cause future

agency communications to be chilled. *Nat'l Immigr. Project of Nat'l Lawyers Guild v. ICE*, Civ. A. No. 17-2448 (APM), 2020 WL 5798429 (D.D.C. Sept. 29, 2020)

Therefore, Defendant has identified specific harms that would result if information was released to the public. *See*, *e.g.*, Pineiro Supp. Decl. ¶ 10. Defendant's declarations and *Vaughn* indices satisfies its burden to meet the foreseeable harm standard. Accordingly, Defendants respectfully request summary judgment with respect to its Exemption 5 withholdings in this case.

## II.   **Defendant Performed an Adequate Segregability Analysis.**

Finally, Plaintiff takes exception to the adequacy of Defendant's segregability analysis. Plaintiff contends that Defendant has not demonstrated with sufficient specificity why information that it has withheld cannot be further segregated. Pl.'s Cross-Mot. at 25-28.

But the Supplemental Pineiro Declaration reaffirms that Defendant conducted a "line-by-line review" to identify reasonably segregable, non-exempt information. Pineiro Supp. Decl. ¶ 18. Moreover, "in connection with that process, on September 9, 2024, the agency in good faith made a supplemental, discretionary release of portions of 42 pages where it was determined additional information could be released that was previously withheld under" Exemptions 5 and 7(E). *Id*. Plaintiff has failed to produce any evidence to rebut the "good-faith presumption afforded" to Defendant's declarations. *Wright v. Dep't of Just.*, 121 F. Supp. 3d 171, 188 (D.D.C. 2015). As such, this Court should find that Defendant's segregability analysis is adequate and that it is accordingly entitled to summary judgment in this case. *See id.* at 187 ("[a]n affidavit attesting to the performance of a review of the documents and a Vaughn index describing each document satisfies the FOIA's segregability requirement") (citing cases)).

\*       \*       \*

## CONCLUSION

For the reasons set forth above, and those in Defendant's moving papers, Defendant respectfully requests that the Court enter summary judgment in its favor.

Date:  December 4, 2024
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:  ___/s/ Fithawi Berhane_____
     FITHAWI BERHANE
     Assistant United States Attorney
     601 D Street, N.W.
     Washington, D.C. 20530
     (202) 252-6653
     Fithawi.Berhane@usdoj.gov

*Attorneys for the United States of America*